EMBRY, Justice.
Sara and Era Powell filed this action against Phenix Federal Savings and Loan Association in 1981. The relief they requested was that the trial court grant an injunction against a non-judicial foreclosure on their home. That court did issue a temporary restraining order and then conducted a trial on the merits.
On 2 September 1981, a judgment was entered against the Powells which would have allowed Phenix Federal to proceed with foreclosure, but the Powells filed a motion for new trial, which was granted. The new trial was held on 2 February 1981. Again, the trial court entered judgment in favor of Phenix Federal. The plaintiffs appealed that judgment to this court.
The issue on that appeal was whether the trial court had misapplied the controlling law concerning the enforcement of a due-on-sale clause in a mortgage contract. The trial court had held that, under the controlling law, the clause was enforceable. In that opinion authored by Justice Beatty, which states the facts of this case in detail, we reversed the trial court’s judgment and remanded the case to that court for further findings of fact concerning the enforceability of the due-on-sale clause. Powell v. Phenix Federal Savings and Loan Ass’n, 434 So.2d 247 (Ala.1983).
The trial court held a hearing and allowed the parties to present further evidence. After hearing ore tenus evidence without a jury, the trial court again denied the plaintiffs’ request for equitable relief and the plaintiffs again appealed to this court.
After a careful review of the record, we must affirm the judgment of the trial court. It is axiomatic that where a trial court hears ore tenus evidence, its judgment is presumed correct, and will not be disturbed on appeal unless plainly and palpably erroneous. League v. McDonald, 355 So.2d 695 (Ala.1978). Our review of the record below reveals no such error.
AFFIRMED.
MADDOX, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
JONES, J., concurs in the result.
TORBERT, C.J., and FAULKNER, J., dissent.