Ridgeview Health Care Center, Inc. ("Ridgeview"), operates a health care facility *Page 539 
at which Rosella Dorrough has been a patient. Jewel Davis is the daughter of Ms. Dorrough and is her "sponsor." A sponsor is the family member who is responsible for the patient and takes care of the needs of the patient. Jewel Davis and Ridgeview sought a temporary restraining order ("TRO") and a permanent injunction against Shirley Hester and Guy Hester, to prevent the Hesters from coming onto the premises of Ridgeview, where Ms. Dorrough was a patient. Shirley Hester is also the daughter of Ms. Dorrough; Guy Hester is Shirley Hester's husband and allegedly serves as Ms. Dorrough's spiritual and religious counselor and advisor. Ms. Davis and Ridgeview alleged that the Hesters' conduct while visiting Ms. Dorrough at Ridgeview was detrimental to Ridgeview and to Ms. Dorrough. Upon Ridgeview and Ms. Davis's posting a bond and filing a verified complaint, the trial court, without notice to the Hesters, entered the TRO, restraining the Hesters from visiting Ms. Dorrough at Ridgeview. The TRO remained effective for a 10-day period, and the trial court set a hearing on Ms. Davis and Ridgeview's request for a preliminary injunction. Subsequently, the Hesters filed an answer and a counterclaim, seeking, among other things, to have the trial court dissolve the TRO previously issued. Thereafter, the Hesters filed an amended counterclaim, alleging that Ms. Davis and Ridgeview's conduct in suing for the TRO without giving notice to the Hesters, particularly the manner in which they sued for it, was "so outrageous as to shock the moral conscience and values of the citizens of Walker County, Alabama." In the amended counterclaim, the Hesters claimed to have suffered injury as a result of the plaintiffs' conduct and sought damages based on that alleged injury. At the hearing on Ms. Davis and Ridgeview's motions, the trial court made findings of fact and determined that the TRO had been inappropriately issued and that it was not supported by the evidence, and declared it null and void. It further determined, from its findings of fact, that no preliminary injunction was warranted in this case. Ms. Davis and Ridgeview appeal. We affirm.
The trial court's order reads as follows:
 "This cause coming to be heard on [Ms. Davis and Ridgeview's] petition for preliminary injunction, and further on [the Hesters'] motion to dissolve any outstanding temporary restraining order, and [the Hesters'] further request that no preliminary injunction be issued, and the parties being present in court, and the parties having stipulated to the court that the issues being tried at this hearing were whether or not the temporary restraining order should have been issued and the appropriateness of its issuance, and further whether a preliminary injunction should be issued in this cause, the court proceeding to take testimony of various witnesses and the court further proceeding to receive into evidence various pieces of evidence;
 "After having received the testimony of the witnesses and reviewed all the evidence presented in this case, with the court having the opportunity to hear the testimony in court, weigh the credibility of the witnesses, and observe the demeanor of the witnesses as they have testified, THE COURT MAKES THE FOLLOWING FINDINGS:[1]
 "(1) That the temporary restraining order entered herein without notice to [the Hesters] . . . was inappropriate and should not have been issued.
 "(2) That insufficient justification was presented by the facts and circumstances in this cause for the issuance of a temporary restraining order.
 "(3) That [the Hesters] should not have been restrained and enjoined by a temporary restraining order issued without notice to them under the totality of the circumstances presented in this case.
 "(4) That insufficient evidence exists for the issuance of a preliminary injunction. This finding is based upon the totality of evidence in this case and the facts and circumstances as presented to the court by the parties hereto. *Page 540 
 "IT IS THEREFORE, THE ORDER, JUDGMENT AND DECREE
of this court as follows:
 "(1) That the previous temporary restraining order issued herein is null and void, was inappropriately issued, and was not supported by sufficient legal evidence and should not have been issued on behalf of [Ms. Davis and Ridgeview] against [the Hesters.]
 "(2) That no preliminary injunction is warranted in this case, and [that] the petition by [Ms. Davis and Ridgeview] for a preliminary injunction be, and the same is hereby, denied."
It is well established that the issuance of injunctive relief is within the sound discretion of the trial court, especially when, as in this case, the facts are in dispute and the evidence is presented ore tenus. Powell v. Phenix Federal Sav. Loan Ass'n, 434 So.2d 247 (Ala. 1983), appeal after remand,472 So.2d 966 (Ala. 1985). On an appeal from the denial of injunctive relief, the burden is on the appellant to establish that the trial court abused its discretion in denying its request for such relief; the appellant must show that abuse of discretion by showing that the trial court committed clear and palpable error. Hood v. Neil, 502 So.2d 749 (Ala. 1987). Our standard of review under the ore tenus rule is to affirm the trial court's judgment where it is supported by the evidence or inferences that can logically be drawn from the evidence, and to reverse only if the judgment is plainly and palpably wrong by not being supported by the evidence or inferences that can be logically drawn from the evidence. See Knight v. Lott,579 So.2d 1298 (Ala. 1991); Paige v. State Farm Fire CasualtyCo., 562 So.2d 241 (Ala. 1990); American Casualty Co. v.Wright, 554 So.2d 1015 (Ala. 1989); City of Birmingham v.Sansing Sales of Birmingham, Inc., 547 So.2d 464 (Ala. 1989);King v. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987); andRobinson v. Hamilton, 496 So.2d 8 (Ala. 1986).
After thoroughly reviewing the arguments presented in Ms. Davis and Ridgeview's briefs, we would characterize the issue for our review as follows: whether the trial court was clearly and palpably erroneous in finding that the TRO was unjustified and therefore had been inappropriately issued, and, therefore, whether the trial court abused its discretion in holding the TRO null and void (i.e., dissolving the previously issued TRO) and in denying the petition for a preliminary injunction.
We note the Hesters' contentions that this appeal should be dismissed on the basis that Ms. Davis and Ridgeview seek to appeal from an order that is not final. They point out that the order lacks the express language of Rule 54(b), Ala.R.Civ.P; that Ms. Davis and Ridgeview did not seek, nor did the trial court grant, permission to appeal from an interlocutory order; and that the Hesters' counterclaim and amendments thereto remain pending in the Circuit Court of Walker County. However, we note the following rule, as stated in Bennetton ServicesCorp. v. Benedot, Inc., 551 So.2d 295, 298 (Ala. 1989):
 "An appeal to this Court, as a general rule, will not lie from an order or judgment that is not final and conclusive. Ala. Code 1975, § 12-22-2. However, this Court does have jurisdiction over an appeal 'from any interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction.' See Rule 4(a)(1)(A), A.R.App.P."
(Emphasis added.) Therefore, this appeal is properly before us.
Not only are the facts, as presented in this case, too numerous to set out, but a recitation of those facts would not aid the Bench and Bar. Suffice it to say that we have thoroughly reviewed the evidence presented in the record and have considered the arguments in the briefs. Having thoroughly considered the arguments in light of the evidence and under the applicable standard of review, we conclude that the trial court's conclusions were not plainly and palpably erroneous. Therefore, we hold that the trial court did not abuse its discretion in dissolving the TRO and denying the petition for a preliminary injunction. *Page 541 
MOTION TO DISMISS DENIED; AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] What the trial court called "findings" appear to be, in reality, conclusions of law.