MADDOX, Justice.
The primary issue presented in this case is whether the Jefferson County Commission acted arbitrarily and capriciously in denying ECO Preservation Services, L.L.C. (“ECO”), and Knobloch, Inc., a crossing permit for construction of a sewer line under a public roadway. The trial court determined that the Commission did act arbitrarily and capriciously and entered a partial summary judgment for ECO and Knobloch. Based on the record before us, we conclude that the trial court properly entered the summary judgment. We affirm.
ECO is an Alabama company that is arranging to place an underground sewer line on a Jefferson County road right-of-way for the purpose of collecting sewage originating in Jefferson County and transporting it to a sewage-treatment plant in Tuscaloosa County, for discharge in Bibb County into a tributary of the Cahaba River. Knobloch holds a National Pollution Discharge and Elimination System (“NPDES”) permit issued by the Alabama Department of Environmental Management (“ADEM”). Apparently, Knobloch has granted to ECO the long-term right, under the ADEM permit, to discharge treated waste.
In August 1997, ECO submitted a request to the Jefferson County Roads and Transportation Department for a road-crossing permit to cross a public right-of-way in western Jefferson County in order to install an underground sewer pipeline. The county engineer, Jerry Drake, denied the request; ECO appealed the denial to the Commission, which also denied the request.
In denying the request, the Commission stated:
“3. That the request submitted by ECO was not for one single crossing as indicated, but will actually result in multiple future crossings of unknown number and location.
“4. That the proposed commercial, for-profit, use of County rights-of-way is prohibited by the Alabama Constitution.
“5. That the installation of sanitary sewer pipelines in Jefferson County by ECO with attendant manholes and pump stations could spill, leak, or otherwise discharge raw sewage in Jefferson County due to wet weather overflows, deterioration, accident, vandalism or *124 other means, constituting an unlawful discharge in violation of the Federal Clean Water Act and State anti-water pollution laws, rules and regulations established by the Alabama Department of Environmental Management.
“9. That privately owned sewer systems have a history of failures necessitating the takeover and operation of those systems by publicly run systems at great expense to the rate payers and taxpayers.
“10. That it is in the best interest of the citizens of Jefferson County for the collection and treatment of sewage originating and/or being transported through Jefferson County to be unified under the direction and control of the Jefferson County Environmental Services Department and that the public health, safety and welfare of Jefferson County is best served by minimizing the public exposure to the potential perils of mishandled or improperly treated sewage.”
After the Commission denied its request, ECO sued the Commission and its agents. Later, Knobloch was allowed to intervene as a coplaintiff. ECO and Knob-loch stated the following items in then-demand for judgment:
“(i) A declaratory judgment that the policy of the Jefferson County Commission not to allow any sanitary sewer provider except a local government’s in Jefferson County is unlawful and void under Alabama law;
“(ii) A declaratory judgment that the policy of the Jefferson County Commission not to allow any sanitary sewer provider except a local government’s in Jefferson County violates the Commerce Clause of the U.S. Constitution;
“(in) An injunction directing Defendants to issue the permit and allow [ECO] the access to the county’s right of way that it has requested and to which it is entitled;
“(iv) Issue a writ of mandamus against Jerry Drake, a county employee (and/or Defendants A, B, and C, if appropriate) to require him to grant [ECO] a permit to use Jefferson County’s right of way as requested in the [ECO] application; “(v) Award [ECO] costs of this action, including reasonable attorneys fee, and such other relief as may be just and proper.”
On November 29, 1999, the trial court entered a partial summary judgment for ECO and Knobloch. The summary-judgment order stated, in pertinent part:
“After fully and fairly considering the pleadings, arguments of counsel and relevant legal principles, it is ORDERED as follows:
“6. That [ECO’s] motion for partial summary judgment filed on February 23, 1999, and [Knobloch’s] motion for partial summary judgment filed on February 26, 1999, are granted and that judgment is hereby entered in favor of [ECO] and [Knobloch] and against [the Commission] for the relief sought in Count I of the complaint as follows:
“a. The Court hereby declares that the plaintiff is entitled to receive a permit from the defendants for authority to cross a public right-of-way at 7910 Kimbrell Cutoff Road near its intersection with Old Tuscaloosa Highway and the [Commission’s] refusal to grant such authority was arbitrary and capricious; and
“b. The [Commission is] ORDERED to issue the permit necessary for the granting of such authority within fourteen (14) days of the entry of this Order.
“Other claims remain pending....”
*125 The Commission moved to vacate the partial summary judgment, on December 7, 1999. The trial court denied this motion on December 17, 1999, and stated, in pertinent part:
“After fully and fairly considering the pleadings, arguments of counsel and relevant legal principles, it is hereby ORDERED that both the motion to vacate partial summary judgment order, etc., and the motion to strike are denied for the following reasons:
“3. The [Commission has] not convinced this Court that Alabama law grants Jefferson County the exclusive right to provide sanitary sewer service in Jefferson County.
“4. The [Commission has] not provided any evidence that the single crossing in question will create any hazard on the right-of-way, damage the right-of-way or interfere with the use of the right-of-way by any other entity.”
Also in its December 17 order, the court made that order and its November 29, 1999, order final, pursuant to Rule 54(b), Ala.R.Civ.P. On January 19, 2000, the Commission filed its notice of appeal.
The first issue is whether the Commission’s appeal is timely. ECO and Knobloch argue that the appeal, which was filed 33 days after the December 17, 1999, final order was entered, was untimely, under Rule 4, Ala.R.App.P., because the order granted injunctive relief. They cite Robinson v. Computer Servicenters, Inc., 346 So.2d 940 (Ala.1977), for the proposition that even if an injunction order has been made final by a Rule 54(b) certification, it is still subject to a 14-day appeal period. We cannot accept this argument.
In Robinson, this Court addressed the issue whether an appeal could be taken from an order granting a permanent injunction in a case in which some issues were still pending. 346 So.2d at 941. That issue involved this provision of Rule 54(b), Ala.R.Civ.P.:
“[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.”
(Emphasis added.) The appeal in Robinson was taken without a certification under Rule 54(b), because the order was appeal-able under Rule 4(a)(1)(A), Ala.R.App.P.; that rule allows 14 days for an appeal from an interlocutory order granting injunctive relief. The situation in Robinson is not the situation presented by this case.
It is clear that the trial court’s November 1999 order, which granted ECO and Knobloch’s motions for partial summary judgment, granted injunctive relief.[1] However, the 14-day limit prescribed by Rule 4(a)(1)(A), Ala.R.App.P., applies only to interlocutory orders granting an injunction — orders that are not otherwise ap-pealable. We conclude that the trial court’s December 1999 order was not an “interlocutory order” as that phrase is used in Rule 4. While it is true that after the court entered its December 1999 order there were apparently other claims pending in the trial court, the order was not *126 “interlocutory,” because the trial court made the order final pursuant to Rule 54(b), Ala.R.Civ.P. If an injunction order has been made final by a Rule 54(b) certification, as has happened in this case, then the 14-day provision of Rule 4(a)(1)(A) does not apply, because the injunction order is not an “interlocutory order” and is appealable without regard to the provisions of Rule 4(a)(1)(A). We conclude that the 42-day limit, rather than the 14-day limit, applies and that the Commission’s appeal is timely.
Our holding on this issue finds support from the federal system. A federal statute, 28 U.S.C. § 1292(a)(1),
“authorizes an interlocutory appeal as of right from an order granting a preliminary injunction. The statute also authorizes an appeal from a permanent injunction that is not appealable as a final judgment, such as when the injunction does not conclude the adjudication of the claim, or when other claims remain pending and an immediate appeal of the order has not been authorized under Civil Rule 54(b)....”
19 Moore’s Federal Practice § 203.10[2][a] (3d ed. 1999). Section 1292(a)(1) gives an aggrieved party the right to take an immediate appeal from an order granting an injunction. See 28 U.S.C. § 1292(a)(1). The exercise of this right, however, is optional, and generally a party is under no obligation to take an interlocutory appeal. See Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 468 (9th Cir.1989) (holding that even though an interlocutory appeal might have been available, the party was not required to pursue it). If no interlocutory appeal is taken from the district court’s interlocutory order granting the injunction, the decision may be reviewed on appeal from the final judgment. See Retired Chicago Police Ass’n v. City of Chicago, 7 F.3d 584, 608 (7th Cir. 1993)(“A party may forgo an interlocutory appeal and present the issue for appeal after final judgment.”); and Kurowski v. Krajewski 848 F.2d 767, 772 (7th Cir.1988) (“Interlocutory orders ... may be stored up and raised at the end of the case.... ”).
Because the appeal was timely, we deny the motion to dismiss the appeal.
We now consider the substance of the appeal. The trial court, in entering the partial summary judgment, held that the Commission’s decision denying the plaintiffs’ request for a road-crossing permit was arbitrary and capricious. The court found that the Commission had produced no evidence to support its concluso-ry statements that the sanitary-sewer pipelines in Jefferson County, installed by ECO, with their attendant manholes and pump stations, could spill, leak, or otherwise discharge raw sewage in Jefferson County, and concluded that the Commission had failed to show that under Alabama law it had exclusive authority to operate a sewer system in Jefferson County.
When reviewing a ruling on a motion for a summary judgment, this Court uses the same standard of review the trial court used “in determining whether the evidence before the court made out a genuine issue of material fact.” Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). When a party moving for a summary judgment makes a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment *127 can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a ruling on a motion for a summary judgment, this Court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw. Renfro v. Georgia Power Co., 604 So.2d 408 (Ala.1992).
The Commission argues that because Amendment No. 73 to the Alabama Constitution of 1901 vests it with authority to operate a county-wide sewer system, including the “power and authority to manage, operate, control, and administer the sewers and plants,” it has the exclusive right to operate a sewer system in Jefferson County. It also argues that it can deny ECO and Knobloch the requested permit to use a right-of-way on county roads based on its general superintendence over public roads in the county. See § 23-1-80, Ala.Code 1975. While the county commission does have general superintendence authority over public roads, see Water Works & Sewer Board of the City of Birmingham v. Shelby County, 624 So.2d 1047, 1050 (Ala.1993), and Barber v. Covington County Commission, 466 So.2d 945, 947-48 (Ala.1985), this regulatory authority is not unlimited, and we find no authority for the proposition that the Jefferson County Commission has the exclusive right to maintain a sewer system in Jefferson County.
After considering the pleadings, the oral arguments of the parties, and the legal principles involved, the trial court granted ECO and Knobloch declaratory and in-junctive relief. In doing so, the trial judge found that the Commission had failed to “convince [the court] that Alabama law grants Jefferson County the exclusive right to provide sanitary sewer service in Jefferson County.” The trial judge also found that the Commission had failed to provide “any evidence that the single crossing in question” would, in any way, damage the right-of-way, create any hazard on the right-of-way, or interfere with the use of the right-of-way by any other entity.
We conclude that the trial judge did not err. The partial summary judgment is affirmed.
MOTION TO DISMISS DENIED; AFFIRMED.
HOOPER, C.J., and COOK, LYONS, and JOHNSTONE, JJ., concur.

. An injunction is "[a] court order commanding or preventing an action.” Black’s Law Dictionary 788 (7th ed. 1999). Furthermore, a mandatory injunction is "[a]n injunction that orders an affirmative act or mandates a specified course of conduct.” Id.