On Application for Rehearing
The opinion of September 22, 2000, is withdrawn, and the following is substituted therefor.
Profile Management Corporation, Inc. ("Profile Management"), sued Plantation South Condominium Association, Inc. ("Plantation South"), in the District Court of Madison County. In its complaint, Profile Management sought damages of $820 for services it claimed to have rendered under a contract between the parties. Plantation South answered the complaint; it also counterclaimed for damages in excess *Page 840 
of the district court's jurisdiction. The district court transferred the action to the Madison County Circuit Court (the "trial court").
In the trial court, Plantation South amended its counterclaim. Profile Management amended its complaint to include counts alleging breach of contract, unjust enrichment, and fraud, and a count seeking damages under the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala. Code 1975. Plantation South filed a motion to strike Profile Management's amended complaint; the trial court did not rule on that motion.
Profile Management then moved for a summary judgment as to all of Plantation South's claims against it. Plantation South filed a response in opposition to the summary-judgment motion. Both parties moved to strike various evidentiary submissions of the other party on the summary-judgment issues.
On March 30, 2000, the trial court entered a summary judgment for Profile Management as to all of Plantation South's counterclaims. In that order, the trial court determined that it no longer had jurisdiction over the action and purported to remand the action to the district court. Plantation South appealed from the summary judgment to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
The trial court did not rule on the counts contained in Profile Management's complaint and amended complaint; those claims are still pending. "`A final judgment is a terminal decision by a court of competent jurisdiction which demonstrates there has been a complete adjudication of all matters in controversy between the litigants within the cognizance of that court." Wilson v. Wilson, 736 So.2d 633, 634
(Ala.Civ.App. 1999) (citation omitted). An order that adjudicates fewer than all of the parties' claims or the rights of fewer than all of the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(b), Ala.R.Civ.P. Such an order is interlocutory, unless the trial court certifies it as final pursuant to Rule 54(b). Nothing in the trial court's summary-judgment order indicates an intent to make the order final pursuant to Rule 54(b). See Schneider Nat'l Carriers v.Tinney, 776 So.2d 753 (Ala. 2000).
This appeal was taken from an interlocutory order. This court does not have jurisdiction to consider appeals from interlocutory orders.Lunceford v. Monumental Life Ins. Co., 641 So.2d 244 (Ala. 1994); Cranev. American Cast Iron Pipe Co., 682 So.2d 1389 (Ala.Civ.App. 1996). An appeal ordinarily lies only from a final judgment. § 12-22-2, Ala. Code 1975; Bean v. Craig, 557 So.2d 1249 (Ala. 1990). We must dismiss this appeal as being from a nonfinal order. See Owens v. Owens,739 So.2d 511 (Ala.Civ.App. 1999); Bacadam Outdoor Adver., Inc. v.Kennard, 721 So.2d 226 (Ala.Civ.App. 1998).
After the release of this court's September 22, 2000, opinion dismissing its appeal, Plantation South filed a motion asking this court to vacate the dismissal and to allow Plantation South to supplement the record on appeal. We have elected to treat Plantation South's motion as an application for rehearing.
Plantation South seeks to supplement the record with an order of the trial court dated September 28, 2000. Plantation South argues that that order "clarifies" the trial court's March 30, 2000, summary-judgment order and indicates that the trial court's March 30 order was a final judgment. The trial court's order, entered six days after this court had released its original opinion, states: *Page 841 
 "This cause came before the court on [Plantation South's] Motion to Strike or Dismiss [Profile Management's] First Amended Complaint. Upon review and [Profile Management] having consented thereto, the court is of the opinion that the motion is due to be and is hereby GRANTED. [Profile Management's] claims as alleged in the Amended Complaint are hereby DISMISSED."
On September 28, 2000, the date on which the trial court entered that order, this court had not yet issued its certificate of judgment; therefore, the judgment of this court was not yet final and this court still had jurisdiction over this matter. See Rule 41, Ala.R.App.P. We conclude that the order of September 28, 2000, was void because the trial court lacked jurisdiction to enter that order. Ex parte Tiongson,765 So.2d 643 (Ala. 2000).
OPINION OF SEPTEMBER 22, 2000, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; APPEAL DISMISSED.
Yates, Monroe, and Crawley, JJ., concur.
Robertson, P.J., concurs in the result only.