823 So.2d 701 (2001)
MOMAR, INC.
v.
Sam SCHNEIDER.
2000046.
Court of Civil Appeals of Alabama.
December 21, 2001.
*703 Daniel F. Johnson and D. Taylor Flowers of Lewis, Brackin, Flowers & Hall, Dothan, for appellant.
J. Kevin Moulton, Dothan, for appellee.
THOMPSON, Judge.[1]
On May 16, 2000, Momar, Inc. ("Momar"), sued Sam Schneider, alleging that Schneider, a former employee, breached a noncompetition and nonsolicitation agreement contained in an employment contract between the parties. Momar sought a judgment declaring that Schneider had violated the provisions of the employment contract, and sought to have Schneider preliminarily and permanently enjoined from further violating the provisions of the employment agreement. Momar also filed a claim for money damages.
On July 13, 2000, Momar moved for an immediate hearing on its request for a preliminary injunction. The trial court conducted a hearing on that motion. On August 17, 2000, the trial court entered an order in which it granted in part and denied in part Momar's motion for a preliminary injunction. Momar filed a "Motion to Amend Findings of Fact and Alter/Amend [the] Order" on September 15, 2000; the trial court denied that motion on September 25, 2000. On October 10, 2000, Momar appealed.
Although neither party addresses the issue whether this court has jurisdiction to consider this appeal, jurisdictional issues are of such importance that an appellate court may take notice of them at any time, ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala.Civ. App.1998). "The timely filing of a notice of appeal is a jurisdictional act." Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App. 1985); see also Rule 2(a)(1), Ala. R.App. P. Because we conclude that this appeal is untimely, we must dismiss it. Rule 2(a)(1), Ala. R.App. P.
The trial court's August 17, 2000, order denied, in part, Momar's motion for a preliminary injunction; Momar's request for a declaratory judgment and for an award of damages are still pending before the trial court. Therefore, its order was interlocutory. Our supreme court has held that it has jurisdiction to consider an appeal from an interlocutory order denying a motion for a preliminary injunction. Perley v. Tapscan, Inc., 646 So.2d 585, 586 (Ala.1994) (citing Davis v. Hester, 582 So.2d 538 (Ala.1991)). Normally, this court does not have jurisdiction over interlocutory appeals. Plantation S. Condo. Ass'n v. Profile Mgmt. Corp., 783 So.2d 838 (Ala.Civ.App.2000). However, our supreme court transferred this appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The Alabama Rules of Appellate Procedure specifically set forth the procedure for taking an appeal from an order on a motion for a preliminary injunction:
"Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from, or within the time allowed by an extension pursuant to Rule 77(d), Alabama Rules of Civil Procedure. In appeals from the following orders or judgments, the notice of appeal shall be filed within 14 days (2 weeks) of the date of the entry *704 of the order or judgment appealed from: (A) any interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction; (B) any interlocutory order appointing or refusing to appoint a receiver; (C) any interlocutory order determining the right to public office; (D) any judgment in an action for the validation of public obligations, including any action wherein a judgment is entered with respect to the validity of obligations of the State of Alabama or any agency or instrumentality thereof; and (E) any final order or judgment issued by a juvenile court."
Rule 4(a)(1), Ala. R.App. P. (emphasis added).
Thus, an appeal from a ruling on a motion for a preliminary injunction is an interlocutory order that "shall" be filed within 14 days of the entry of the order. Rule 4(a)(1)(A). Momar did not file a notice of appeal within 14 days of the trial court's August 17, 2000, order. Rather, on September 15, 2000-29 days after the entry of the trial court's orderMomar filed a motion purportedly pursuant to Rules 52 and 59, Ala. R. Civ. P. A postjudgment motion taken pursuant to Rule 52 or Rule 59 suspends the time for taking an appeal from a final judgment until the date on which the trial court rules on the motion or 90 days from the date the motion is filed, i.e., the date the motion is denied by operation of law, whichever date is earlier. Rule 59.1, Ala. R. Civ. P. Such a postjudgment motion may be taken only from a final judgment. Malone v. Gainey, 726 So.2d 725, 725, n. 2 (Ala.Civ.App.1999).
Rule 54(a), Ala. R. Civ. P., defines "judgment" to include "a decree [or] any order from which an appeal lies." However, our supreme court has made a distinction between an appeal from an interlocutory order on a motion for a preliminary injunction and an appeal from a final judgment that would support an appeal, and therefore, a postjudgment motion:
"An appeal to this Court, as a general rule, will not lie from an order or judgment that is not final and conclusive. Ala.Code 1975, § 12-22-2. However, this Court does have jurisdiction over an appeal `from any interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction.' See Rule 4(a)(1)(A), [Ala.] R.App. P."
Benetton Servs. Corp. v. Benedot, Inc., 551 So.2d 295, 298 (Ala.1989). See also Davis v. Hester, supra. Our supreme court has jurisdiction to consider an appeal from an interlocutory order ruling on a preliminary injunction because Rule 4(a)(1), Ala. R.App. P., enumerates forth several narrow exceptions to the rule that only a final judgment will support an appeal. In doing so, that rule clearly distinguishes between appeals taken from "judgments" and appeals taken from the "interlocutory orders" enumerated in the rule. Rule 4(a)(1), Ala. R.App. P.[2]
In Jefferson County Commission v. ECO Preservation Services, L.L.C., 788 So.2d 121 (Ala.2000), the trial court entered a preliminary order granting ECO certain injunctive relief on November 29, 1999. On December 17, 1999, the trial court certified its November 29, 1999, order as final pursuant to Rule 54(b), Ala. R. Civ. P. The Commission appealed 33 days *705 after the trial court's December 17, 1999, Rule 54(b) judgment. ECO argued that the Commission's appeal was untimely. Our supreme court concluded that the trial court's December 17, 1999, certification of its November 29, 1999, order pursuant to Rule 54(b) altered the interlocutory nature of that order and converted it to a final judgment. In holding that the appeal was timely under the facts of that case, our supreme court stated:
"[T]he 14-day limit prescribed by Rule 4(a)(1)(A), Ala. R.App. P., applies only to interlocutory orders granting an injunction orders that are not otherwise appealable. We conclude that the trial court's December 1999 order was not an `interlocutory order' as that phrase is used in Rule 4. While it is true that after the court entered its December 1999 order there were apparently other claims pending in the trial court, the order was not `interlocutory' because the trial court made the order final pursuant to Rule 54(b), Ala. R. Civ. P. If an injunction order has been made final by a Rule 54(b) certification, as has happened in this case, then the 14-day provision of Rule 4(a)(1)(A) does not apply, because the injunction order is not an `interlocutory order' and is appealable without regard to the provisions of Rule 4(a)(1)(A)."
Jefferson County Comm'n v. ECO Pres. Servs., L.L.C., 788 So.2d at 126.
Rule 54(b), Ala. R. Civ. P., provides, in part, that any order that
"adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
In this case, the trial court's August 17, 2000, order was not certified as a final order pursuant to Rule 54(b). That order could be modified at any time before the trial court's entry of a final judgment on all of Momar's claims. Therefore, this action is not appealable "without regard to" the requirements of Rule 4(a)(1), Ala. R.App. P. See Jefferson County Comm'n v. ECO Pres. Servs., L.L.C., 788 So.2d at 126.
Momar's moving for a finding of facts pursuant to Rule 52, Ala. R. Civ. P., in its September 15, 2000, postjudgment motion did not extend the time for appeal pursuant to Rule 59.1, Ala. R. Civ. P. Rule 52 provides, in part:
"In all actions tried upon the facts without a jury or with an advisory jury, the court may upon written request and shall when required by statute, find the facts specially and state separately the conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court may similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action."

Rule 52(a), Ala. R. Civ. P. (emphasis added). The rule goes on to state that "[u]pon motion of a party filed not later than thirty (30) days after judgment or entry of findings and conclusions the court may amend its findings or make additional findings or may amend the judgment accordingly." Rule 52(b), Ala. R. Civ. P. (emphasis added). Thus, Rule 52 provides a method by which a party may request factual findings with regard to a judgment; however, the time frame set forth for filing a motion pursuant to that rule references a "judgment." Rule 52(b), Ala. R. Civ. P.
Rule 4(a)(1), Ala. R.App. P., sets forth the general procedure for appealing from a judgment. That rule also provides a *706 shortened time for taking an appeal from a limited class of interlocutory orders and judgments, including orders on motions for a preliminary injunction, interlocutory orders in cases involving the right to public office, and final orders or judgments of a juvenile court.[3] Rule 4(a)(1)(A), Ala. R.App. P. In establishing a 14-day time period in which to take an appeal from that class of cases, Rule 4(a)(1)(A) sets forth a method by which that limited class of cases may receive faster access to appellate court review. The position taken by Judge Murdock in his special writing would defeat the purpose behind shortening the time for taking an appeal from a judgment in one of those enumerated classes of cases to 14 days.
An order on a motion for a preliminary injunction is an interlocutory order; it does not constitute a "judgment" or a "final judgment." See Jefferson County Comm'n v. ECO Pres. Servs., L.L.C., supra. Rule 4(a)(1)(A) "allows 14 days for an appeal from an interlocutory order granting [or denying] injunctive relief" Id. at 125 (some emphasis in original; some emphasis added). Momar's filing of a motion purportedly pursuant to Rule 52 or Rule 59, Ala. R. Civ. P., did not alter the interlocutory nature of the trial court's August 17, 2000, order. Momar's "postjudgment" motion, whether made pursuant to Rule 59 or Rule 52, Ala. R. Civ. P., did not make final an order that was inherently interlocutory. See Jefferson County Comm'n v. ECO Pres. Servs., L.L.C., supra.
Appendix IV to the Alabama Rules of Appellate Procedure states that those rules should be construed so as to reach the merits of an appeal. See also Rule 1, Ala. R.App. P. In citing that appendix in his special writing, Judge Murdock mischaracterizes this court's holding as a "procedural trap." 823 So.2d at 708. However, the timely filing of a notice of appeal is a prerequisite for an appellate court's jurisdiction. Rudd v. Rudd, supra; Rule 2(a)(1), Ala. R.App. P. In recognizing that principle, Appendix IV states:

"The Notice of Appeal. The only requirement which is jurisdictional under the rules is the timely filing of the notice of appeal. Rules 3(a)(1) and 4(a)(1). No provision is made for any extension of time for the filing of the notice of appeal, and the time for filing has been shortened considerably from six months to 42 days (6 weeks). Form 1, Appendix 1, provides a simple statement of the notice of appeal. Failure to file a notice of appeal within the prescribed time will result in an automatic dismissal.

"A notice of appeal is required in appeals from interlocutory orders enumerated in Rule 4(a)(1)(A), (B), and (C) and must be filed within 14 days (2 weeks) as provided in such rule."
Appendix IV, Ala. R.App. P. (some emphasis added).
Momar did not appeal the August 17, 2000, order within the 14 days allowed by Rule 4(a)(1)(A), Ala. R.App. P. Its September 15, 2000, motion did not operate to extend the time for taking an appeal from that order pursuant to Rule 59.1, Ala. R. Civ. P. Therefore, we conclude that the appeal is untimely. This court has no jurisdiction to consider an untimely appeal; therefore, this appeal is due to be dismissed. Rule 2(a)(1), Ala. R.App. P.
APPEAL DISMISSED.
*707 YATES, P.J., and PITTMAN, J., concur.
CRAWLEY and MURDOCK, JJ., concur in the result.
MURDOCK, Judge, concurring in the result.
The majority concludes that Momar did not timely file a notice of appeal in this case because, it says, a motion filed pursuant to Rule 59, Ala. R. Civ. P., can be filed only to attack a "final judgment" and that the order appealed in this case was not a final judgment. Therefore, in the majority's view, Momar's postjudgment motion was not a proper Rule 59 motion that would toll the time for filing a notice of appeal.
Notably, however, Momar's postjudgment motion was, by its terms, made expressly pursuant to both Rule 52 and Rule 59 of the Alabama Rules of Civil Procedure. A motion made under either of these rules operates to alter the time for filing an appeal.
Rule 59(e), Ala. R. Civ. P., provides that "[a] motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment" (emphasis added). While the majority insists that a postjudgment motion "may be taken only from a final judgment," Rule 54(a), Ala. R. Civ. P., provides that the term "`[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." The trial court's order denying the requested injunction in part, although it was an interlocutory order that did not address all claims in the case, was a "judgment" because it was an "order from which an appeal lies" pursuant to Rule 4(a)(1), Ala. R.App. P. See Davis v. Hester, 582 So.2d 538, 540 (Ala.1991). Rule 4(a)(3), Ala. R.App. P., provides, in pertinent part:
"The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure ... shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion."
(Emphasis added.) See also Ex parte Mutual Sav. Life Ins. Co., 765 So.2d 649 (Ala.1998) (order granting a new trial under Rule 59, although interlocutory in nature, is an appealable order and therefore constitutes a "judgment" that will support a Rule 59 motion, which motion, in turn, will suspend the time for taking an appeal).
Momar's motion also expressly sought relief under Rule 52, Ala. R. Civ. P. That rule provides that "in granting or refusing interlocutory injunctions the court may ... set forth the findings of fact and conclusions of law which constitute the grounds for the action," and that "[u]pon motion of a party filed not later than thirty (30) days after ... entry of findings and conclusions the court may amend its findings or make additional findings." Rule 52(a) and (b), Ala. R. Civ. P. As in the case of an order granting or denying a properly filed Rule 59 motion, Rule 4(a)(3), Ala. R.App. P., expressly provides that the full time fixed for filing a notice of appeal shall be computed from the date of entry of an order granting or denying a motion filed pursuant to Rule 52.
In dismissing Momar's appeal as untimely, the majority relies upon Jefferson County Commission v. ECO Preservation Services, L.L.C., 788 So.2d 121 (Ala.2000). ECO Preservation, however, is inapposite. The appeal in that case was taken from a partial summary judgment that granted injunctive relief, but that was made final *708 pursuant to an order entered under Rule 54(b), Ala. R. Civ. P. Thus, the notice of appeal in that case could be (and was) timely filed at any point within the general 42-day time limit for most appeals provided in Rule 4(a), Ala. R.App. P. Clearly, however, the entry of a Rule 54(b) order is not a necessary condition for appealability of an interlocutory order granting or denying an injunction. Nor does ECO Preservation stand for the broad proposition that, absent a Rule 54(b) certification of an interlocutory order granting or denying an injunction as a final judgment, such an order cannot be a "judgment" within the provisions of Rules 52(b) and 59(e), Ala. R. Civ. P. Indeed, in ECO Preservation, no postjudgment motion under Rule 52 or Rule 59 was filed with the trial court. Accordingly, ECO Preservation did not even involve the application of Rule 4(a)(3), Ala. R.App. P., which, as noted above, provides that "the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying" a motion made under Rule 52 or Rule 59.
The rule adopted by the majority today singles out one of the several classes of cases for which time limits for appeal are prescribed in Rule 4(a)(1), Ala. R.App. P., and requires an aggrieved party to file a notice of appeal strictly within the particular time limit prescribed therein for that class of case. In so doing, that rule not only gives that particular time limit for appeal primacy over the plain text of Rule 4(a)(3), Ala. R. Civ. P., as well as the plain text of Rules 52(b), 54(a), and 59(e), Ala. R. Civ. P., it also imposes requirements contrary to judicial economy. It effectively compels immediate, potentially wasteful, appeals in cases in which the trial court might otherwise be inclined to correct errors in, or otherwise grant postjudgment relief from, an interlocutory order and thereby save the parties the delay, effort, and expense of an appeal.
Rule 1, Ala. R.App. P., favors construction of the appellate rules in a manner that allows for the determination of appeals on the merits. Appendix IV of the Alabama Rules of Appellate Procedure, provides, in pertinent part, that the following "principle echoes throughout the rules: Procedural traps will not deprive a litigant of his right to have a determination on the relative merits of the appeal." Rule 4(a)(1), Ala. R.App. P., provides that the time for taking an appeal from an interlocutory order refusing an injunction is 14 days. Because Momar's notice of appeal was filed within 14 days of the trial court's denial of Momar's motion filed in accordance with Rules 52 and 59, Ala. R. Civ. P., Momar's appeal is timely under the provisions of Rule 4(a)(3), Ala. R.App. P.
Although I differ with the majority as to the timeliness of Momar's appeal, I agree that the appeal is due to be dismissed because the period during which the non-competition agreement could be enforced has expired, and any action by this court to affirm or reverse the trial court's order could have no effect. See Buckley v. Seymour, 679 So.2d 220 (Ala.1996). Because I would dismiss Momar's appeal as moot, I concur in the result reached by the majority to dismiss the appeal.
CRAWLEY, J., concurs.
NOTES
[1] This case was originally assigned to another judge on the Court of Civil Appeals. It was reassigned to Judge Thompson on November 19, 2001.
[2] The committee comments to Rule 4 also make a similar distinction: "This amendment to Rule 4(a)(1) adds appeals from final orders or judgments of a juvenile court to the list of those orders or judgments from which an appeal must be taken within 14 days. See Rule 28(C), Ala. R. Juv. P." Committee Comments to Amendment to Rule 4(a)(1) and Adoption of Rule 4(c) Effective September 1, 2000 (emphasis added).
[3] The Alabama Rules of Juvenile Procedure set forth the procedure for making postjudgment motions from final judgments of a juvenile court; such motions are subject to shorter time limits than those provided in the Rules of Civil Procedure. Rule 1(A) and (B), Ala. R. Juv. P.