1 So.3d 1032 (2008)
Dan WEINRIB, in his official capacity as Jefferson County Tax Assessor
v.
Daniel S. WOLTER and Dana K. Wolter.
2060932.
Court of Civil Appeals of Alabama.
February 15, 2008.
*1033 Charles S. Wagner, asst. county atty., Birmingham, for appellant.
Daniel S. Wolter of Gaines, Wolter & Kinney, Birmingham, for appellees.
MOORE, Judge.
Dan Weinrib, in his official capacity as Jefferson County Tax Assessor, appeals from a summary judgment entered by the Jefferson Circuit Court in favor of Daniel S. Wolter and Dana K. Wolter that modified *1034 the classification of the Wolters' property for purposes of taxation. We reverse.

Facts
The Wolters own real property in Jefferson County ("the property") that is zoned for single-family dwellings. According to Daniel Wolter, he began construction of a single-family dwelling on the property before October 1, 2005, and he and his wife, Dana Wolter, had at all times intended to use that dwelling as their family's personal residence upon completion of the dwelling. According to Wolter, the Jefferson County Board of Equalization and Adjustments ("the Board") appraised the dwelling in its incomplete state. The Wolters then appealed the appraisal and were awarded relief by the Board. The Wolters received an undated tax bill from Weinrib, the Jefferson County Tax Assessor, in October 2006. On that tax bill, the property had been classified as Class II propertyi.e., property not otherwise classifiedrather than as Class III propertyi.e., single-family owner-occupied residential property.

Procedural History
On November 15, 2006, the Wolters appealed the tax assessment to the Jefferson Circuit Court, naming as the appellee Weinrib, in his official capacity as Jefferson County Tax Assessor. See Ala.Code 1975, § 40-3-24. Specifically, the Wolters asserted that Weinrib had improperly classified the property as Class II property; they asserted that, pursuant to Art. XI, § 217, Ala. Const. 1901 (Official Recomp.) (formerly Amend. No. 373), the property should have been classified as Class III property.
On April 12, 2007, the Wolters filed a motion for a summary judgment. Weinrib filed a motion for a summary judgment on April 27, 2007. On May 27, 2007, the trial court entered an order granting the Wolters' summary-judgment motion. In a document entitled "Final Summary Judgment," entered on May 29, 2007, the trial court stated:
"The legal issue upon which this case turns is whether the taxpayers' single family residence was within the statutory definition of `residential property.' The court has concluded as a matter of law that it was `residential property' and is entitled to be included in the Class III category.
"The property should be assessed at the rate of other private residences. The property had no other use than that of a single-family, owner-occupied dwelling house. It is undisputed that there was never an intent to use the property for anything other than a private, owner occupied house. The zoning allows no other use."

Standard of Review
This court's review of a summary judgment is de novo. Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So.2d 369, 372 (Ala.2000).
"We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Jefferson County Comm'n v. ECO Preservation Services, L.L.C., 788 So.2d 121 (Ala.2000)(quoting Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988)). Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). `Substantial evidence' is `evidence of such weight and quality that *1035 fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw. Jefferson County Comm'n v. ECO Preservation Servs., L.L.C., supra (citing Renfro v. Georgia Power Co., 604 So.2d 408 (Ala.1992))."
Nationwide, 792 So.2d at 372.

Discussion
In Alabama, there are four classes of property for purposes of taxing property. See Art. XI, § 217, Ala. Const. 1901 (Official Recomp.); Ala.Code 1975, § 40-8-1. Those classes that are relevant to the present case are Class II property and Class III property. Class II property is all property not otherwise classified and is taxed at a 20% tax rate. Class III property is identified in § 40-8-1(a) as "[a]ll agricultural, forest, and residential property, and historic buildings and sites," and in Art. XI, § 217(a), Ala. Const. 1901 (Official Recomp.), as "[a]ll agricultural, forest and single-family owner-occupied residential property, and historic buildings and sites"; Class III property is taxed at a 10% rate. Id.
"`"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."' Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992)); see also DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275 (Ala.1998)."
Ex parte Waddail, 827 So.2d 789, 794 (Ala. 2001). "Residential property" is defined in Ala.Code 1975, § 40-8-1(b)(6), as "[o]nly real property, used by the owner thereof exclusively as the owner's single-family dwelling." (Emphasis added.) Furthermore, the definition of Class III property in Art. XI, § 217(a), includes "single-family owner-occupied residential property." (Emphasis added.) In construing either § 40-8-1 or Art. XI, § 217(a), there is little room for interpretation as to what type of property is included in Class III property. We conclude that § 40-8-1 and Art. XI, § 217(a), are unambiguous as written and require that residential property, in order to be classified as Class III property, must be being used by the owners as their dwelling at the time taxes are assessed.
In the present case, because the Wolters' house was still under construction and was not occupied by or being used by the Wolters as a single-family dwelling on the applicable assessment dateOctober 1, 2006the property was properly classified as Class II property according to § 40-8-1 and Art. XI, § 217(a).
The Wolters cite Howell v. Malone, 388 So.2d 908 (Ala.1980), in support of their argument that their intent to use the house under construction as a single-family residence, and not as income-producing property, is controlling regarding the classification of the property for tax purposes because, they say, "the first rule of construction with respect to a constitutional provision is to determine its purpose." The Wolters also cite Blum v. Carter, 63 Ala. 235 (1879), in support of their position *1036 that their intention to construct a house that would be used as their private residence on their property requires that their property be classified as Class III property for taxation purposes. However, "the interpretation of a statute begins with the plain language of the statute itself." Housing Auth. of Huntsville v. Hartford Acc. & Indem. Co., 954 So.2d 577, 582 (Ala.2006). Therefore, because we have determined that § 40-8-1 and Art. XI, § 217(a) are unambiguous and that Class III property must be "owner-occupied" at the time of assessment, the Wolters' intent to use the property in the future as a single-family residence does not suffice. Because the Wolters' property was not "owner-occupied" at the time of the assessment, their property was properly classified as Class II property.
Based on the above-stated reasoning, we conclude that the trial court erred in entering the summary judgment in favor of the Wolters. We reverse the trial court's judgment and remand the cause for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs specially.
BRYAN, Judge, concurring specially.
In Blum v. Carter, 63 Ala. 235 (1879), the Alabama Supreme Court considered whether a homeowner's planned construction of a residence on a parcel of land was sufficient to entitle the homeowner to assert a homestead exemption with respect to that parcel of land against the homeowner's creditors. The supreme court stated:
"[W]e hold that, to constitute a valid claim of homestead, there must be an occupancy in fact, or a clearly defined intention of present residence and actual occupation, delayed only by the time necessary to effect removal, or to complete needed repairs, or a dwelling-house in process of construction. An undefined, floating intention to build or occupy at some future time, is not enough. And this intention must not be a secret, uncommunicated purpose. It must be shown by acts of preparation of visible character, or by something equivalent to this."
63 Ala. at 240 (emphasis added). I find the supreme court's holding in Blum v. Carter to be sound, and I would find it persuasive in the case now before us if Art. XI, § 217, Ala. Const. 1901 (Official Recomp.)(formerly Amend. No. 373), did not provide that single-family residential property must be "owner-occupied" in order to qualify as Class III property. However, because Art. XI, § 217 does so provide, I grudgingly concur with the main opinion.