Rel: September 20, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

————————————————

### SC-2024-0269

————————————————

**Anthony Powers and Gweneth Powers**

**v.**

**Chadwell Homes, LLC**

**Appeal from Jefferson Circuit Court**
**(CV-23-901047)**

SELLERS, Justice.

Anthony Powers and Gweneth Powers appeal from a summary judgment entered by the Jefferson Circuit Court in favor of Chadwell Homes, LLC ("Chadwell"), in Chadwell's action seeking a judgment declaring that Chadwell has a right to possession of a parcel of residential real property and directing the Powerses to vacate the property. We affirm the trial court's judgment, and we award Chadwell damages for having to defend against a frivolous appeal.

In October 2009, the Powerses purchased a residence in Fultondale. In connection with the purchase, the Powerses executed a promissory note in the amount of $129,900 in favor of Chadwell and granted Chadwell a mortgage on the property to secure payment of the promissory note.

The Powerses defaulted on the loan. The record suggests that they have paid Chadwell a total of $400 since executing the promissory note in 2009. In 2015, Gweneth Powers filed for bankruptcy protection. In April 2019, after Chadwell had obtained leave from the automatic stay arising from the bankruptcy proceeding, Chadwell commenced an action in the Jefferson Circuit Court seeking a judicial foreclosure of the property ("the 2019 action"). The trial court in the 2019 action entered a

judgment in favor of Chadwell, expressly declaring that the Powerses had executed a promissory note and a mortgage in favor of Chadwell in 2009, that the mortgage was valid and had been recorded in the appropriate probate records, that the Powerses were in default under the promissory note and owed $129,500 to Chadwell, that the Powerses had been properly served with process in the 2019 action, and that Chadwell was entitled to judicially foreclose on the property. In May 2022, the Powerses appealed from the judgment entered in the 2019 action. The Court of Civil Appeals affirmed that judgment, without an opinion, in March 2023, Powers v. Chadwell Homes of Alabama, LLC (No. CL-2022-0796, Mar. 17, 2023), ___ So. 3d ___ (Ala. Civ. App. 2023) (table), and this Court denied the Powerses' petition for a writ of certiorari. Ex parte Powers (No. SC-2023-0369, July 7, 2023), ___ So. 3d ___ (Ala. 2023) (table).

In the meantime, in July 2022, Chadwell foreclosed on the property, purchased it at the foreclosure sale, and recorded a foreclosure deed in the probate records. Shortly after the foreclosure, the Powerses commenced a separate civil action in the Jefferson Circuit Court against Chadwell, in which they challenged Chadwell's authority to foreclose on

3

the property ("the 2022 action"). The trial court in the 2022 action entered a judgment in favor of Chadwell, and this Court affirmed that judgment, without an opinion. <u>Powers v. Chadwell Homes, LLC</u> (No. SC-2023-0348, Oct. 13, 2023), ___ So. 3d ___ (Ala. 2023) (table). The record in the present case suggests that, in March 2024, the Powerses sought certiorari review from the United States Supreme Court regarding the rulings in the 2022 action.[1]

Even after the foreclosure and the foreclosure sale in July 2022, after multiple judgments had been entered against them and after Chadwell had demanded that they vacate the property, the Powerses have nevertheless refused to relinquish possession of the property. In March 2023, Chadwell commenced the present action in the Jefferson Circuit Court, seeking a judgment declaring that Chadwell has a right to possession of the property, directing the Powerses to vacate the property,

---

[1]The Powerses represent to this Court that their petition for a writ of certiorari "remains pending" in the United States Supreme Court. Nothing in the record or the parties' briefs indicates that the Supreme Court agreed to issue the writ of certiorari and consider the Powerses' case. The only item in the record to which the Powerses refer with respect to their certiorari petition in the United States Supreme Court is correspondence from the clerk of that Court, dated March 14, 2024, informing the Powerses that their certiorari petition failed to comply with the Supreme Court's procedural rules.

and directing the Jefferson County Sheriff to remove the Powerses from the property, if necessary. Chadwell filed a motion for a summary judgment, asserting that the validity of the promissory note and the mortgage in favor of Chadwell and of the foreclosure have already been established in prior actions. The trial court granted Chadwell's motion. The Powerses later submitted an additional filing styled as a postjudgment motion to alter, amend, or vacate the trial court's judgment under Rule 59, Ala. R. Civ. P. The trial court denied that motion, and the Powerses appealed.

> "We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Jefferson County Comm'n v. ECO Preservation Services, L.L.C., 788 So. 2d 121 (Ala. 2000) (quoting Bussey v. John Deere Co., 531 So. 2d 860, 862 (Ala. 1988)). Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So. 2d 794, 797-98 (Ala.1989). 'Substantial evidence' is 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assur. Co. of Florida, 547 So. 2d 870, 871 (Ala. 1989). In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw. Jefferson County Comm'n v. ECO Preservation Servs., L.L.C., supra

(citing <u>Renfro v. Georgia Power Co.</u>, 604 So. 2d 408 (Ala. 1992))."

<u>Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C.</u>, 792 So. 2d 369, 372 (Ala. 2000).

We agree with the trial court that there is no question of material fact regarding Chadwell's right to possession of the property and the Powerses' duty to vacate the property. <u>See</u> <u>generally</u> § 6-6-280, Ala. Code 1975 (providing that an ejectment claim may succeed on proof that the plaintiff has legal title to the premises in question and that the defendant unlawfully withholds and detains the premises); <u>Steele v. Federal Nat'l Mortg. Ass'n</u>, 69 So. 3d 89, 93 (Ala. 2010) (applying the plain language of § 6-6-280 and holding that a mortgagee had stated a valid claim for ejectment by alleging that it held legal title to the property and that the mortgagors unlawfully withheld possession of the property). The validity of the promissory note and the mortgage the Powerses executed in favor of Chadwell, the existence of the Powerses' default and the debt they owe to Chadwell, Chadwell's authority to foreclose, and the validity of the foreclosure have already been established in prior civil actions. And the Powerses have not demonstrated that Chadwell's purchase of the property at the foreclosure sale and its foreclosure deed, which the

Powerses unsuccessfully attacked in the 2022 action, were ineffective for any reason. Thus, the undisputed evidence shows that Chadwell holds legal title to the property and that the Powerses have unlawfully withheld possession of the property.

The arguments the Powerses attempt to make in their brief to this Court are rambling, confusing, without proper context, and not properly supported by adequate explanation, citations to evidence, or relevant legal authority. At times, their brief is nearly incoherent. What is reasonably clear, however, is that they are attempting to challenge Chadwell's authority to foreclose and the validity of the foreclosure. Those challenges, which are largely based on unsupported factual assertions and confusing unpersuasive arguments, have been previously raised and rejected more than once in previous actions. The same is true with respect to the Powerses' suggestion that the trial court in this case or in the previous cases between these parties did not have jurisdiction because, they say, they are entitled to bankruptcy protection. That argument is unpersuasive on the merits and has already been raised and rejected in a prior action between these parties involving the same

subject matter.[2] "Res judicata and collateral estoppel are two closely related, judicially created doctrines that preclude the relitigation of matters that have been previously adjudicated or, in the case of res judicata, that could have been adjudicated in a prior action." Lee L. Saad Constr. Co. v. DPF Architects, P.C., 851 So. 2d 507, 516 (Ala. 2002). The Powerses are not free to continue making the same arguments in action after action in an effort to delay surrendering possession of Chadwell's property. We affirm the trial court's judgment.

Chadwell has filed a motion for sanctions, requesting an award of damages for having to defend this appeal.

> "[T]he appellate courts of this State are authorized under the [Alabama Litigation Accountability Act ('the ALAA'), § 12-19-270, Ala. Code 1975,] and Rule 38, Ala. R. App. P., to award attorney fees as a sanction for certain filings. Section 12-19-272(a), Ala. Code 1975, a part of the ALAA, provides, in relevant part:
>
> > "'(a) Except as otherwise provided in [the ALAA], in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or

_____

[2]Because of their misuse of the bankruptcy process, the bankruptcy court has specifically held that the Powerses are not entitled to the benefit of the automatic stay with respect to their dispute with Chadwell in any current or future bankruptcy proceeding.

party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part;

"'....

"'(c) The court shall assess attorneys' fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action or any part thereof, or asserted any claim or defense therein, that is without substantial justification, or that the action or any part thereof, or any claim or defense therein, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct ....'

"(Emphasis added.) See Williams v. Capps Trailer Sales, Inc., 607 So. 2d 1272 (Ala. Civ. App. 1992) (awarding attorney fees for defendants under ALAA for appeal brought without substantial justification); see also § 12-19-276, Ala. Code 1975 (noting that the provisions of the ALAA 'are cumulative and in addition to the damages which may be awarded for a frivolous appeal pursuant to Rule 38, Alabama Rules of Appellate Procedure'). Rule 38, Ala. R. App. P., authorizes an appellate court, ex mero motu, to 'award just damages and single or double costs to the appellee' if the court determines that an appeal is frivolous. See Walker[ v. Blackwell, 800 So. 2d 582 (Ala. 2001)] (imposing Rule 38, Ala. R. App. P., sanctions against pro se litigant for frivolous appeal), and May v. May, 292 So. 3d 385 (Ala. Civ. App. 2019) (awarding attorney fees to wife under Rule 38, Ala. R. App. P., for husband's frivolous appeal that presented the wife and appellate court with no legal argument for reversal)."

9

Guthrie v. Fanning, 329 So. 3d 1, 3-4 (Ala. 2020) (last emphasis added; footnote omitted).

It is clear that the Powerses, who have lived on the property for more than 10 years while paying only $400 toward their loan, are misusing and abusing the judicial system in an effort to delay and deny Chadwell possession of the property. For example, in response to Chadwell's request for damages, the Powerses submitted a filing to this Court indicating that Anthony Powers has recently filed for bankruptcy protection and suggesting that the automatic stay arising from the bankruptcy proceeding precludes this Court from considering Chadwell's request. Likewise, the Powerses have repeatedly suggested that a bankruptcy stay precluded the trial courts from exercising jurisdiction. The Powerses fail to acknowledge, however, that the bankruptcy court has specifically held that the Powerses are not entitled to the benefit of the automatic stay with respect to their dispute with Chadwell in any current or future bankruptcy proceeding. See note 2, supra. In fact, the bankruptcy court has made clear that the Powerses have intentionally abused the bankruptcy process in an effort to delay litigation of their dispute with Chadwell.

10

The present frivolous appeal is just the latest example of the Powerses' dilatory tactics. Therefore, this Court grants Chadwell's motion for sanctions and awards Chadwell "just damages," see Rule 38, in the amount of $7,070.54.

MOTION FOR SANCTIONS GRANTED; AFFIRMED.

Parker, C.J., and Stewart, Mitchell, and Cook, JJ., concur.