After protracted litigation as to a divorce, child custody and support, alimony, the division of property, the payment of family debts and other domestic relations matters, the husband appeals from a judgment of the circuit court rendered on June 19, 1979 which vested title of a 1977 Buick automobile in him and required him to assume the indebtedness against such vehicle due to General Motors Acceptance Corporation.
In order to understand the question now before this court, it is necessary to track the matter through the entire tangled web of contested controversy, omitting other issues not now pertinent. *Page 1126 
The wife filed her divorce complaint on March 2, 1978 averring that the parties owned two motor vehicles, namely, one 1969 Buick which was unencumbered, and one 1977 Buick upon which there was a two year indebtedness of $257 per month due to GMAC. She sought one of the cars. On the same date the lower court by order temporarily granted to her the 1969 Buick and to him the 1977 Buick with title and insurance "on both automobiles to remain as in the present state pending further orders" of the court. By counterclaim the appellant asked for both vehicles.
Trial upon the merits of the case was held on September 5, 1978. The husband testified that he had been paying on certain family obligations, including payments on the 1977 Buick which he had possessed and driven since the separation. The plaintiff listed family obligations and testified about them but she did not include, nor was she asked about, the car indebtedness to GMAC.
In the divorce judgment rendered by the court on September 13, 1978 the 1969 Buick was awarded to the plaintiff. The 1977 Buick was not mentioned in the judgment. The home and all personal property of the parties, except clothing and personal effects, was ordered sold by the register if the parties could not agree to divide it or to privately sell it. The judgment provided that the proceeds of the sale would be applied to the payment of certain costs, and:
 [T]o satisfy all debts of the parties they have testified to, except the debt of the defendant to the First Alabama Bank, which the defendant will remain responsible for. Any remaining proceeds will be divided equally between the parties.
The wife filed a motion for a rehearing on October 10, 1978, which was overruled on January 9, 1979 by a judgment of the court which was approved by the attorneys for both parties. That judgment further ordered that the home and personal property be sold, after which the register was to hold a reference to ascertain and determine the balance due on the real estate mortgage and:
 [T]he balance due on joint accounts of Annie Rheams and Johnny Rheams, Jr. as of September 13, 1978 to Sears, J.C. Penney's, Loveman's, Pizitz, BankAmericard, Master Charge, and First Alabama Bank of Huntsville, such First Alabama Bank of Huntsville account not to exceed $400.
Provision was made in the judgment for the distribution of the funds received through the sale.
The register advertised the sale, conducted the sale and reported to the court on January 22, 1979 that the wife was the highest bidder of $15,300 as to the real estate and of $300 for the personal property. By motion filed on January 23, 1979 the appellant sought to set aside the sale to the appellee and to add to the list of accounts or debts the following: General Motors Acceptance Corporation, Montgomery Ward, Visa, and Parisians. In such motion, defendant claimed that "these accounts or debts also fall within the category contemplated in the original decree as having been `debts of the parties testified to' upon the final hearing," and should have been included in the amended judgment of January 9, 1979.
By judgment dated February 9, 1979, which was "approved" by counsel for each party, the court set aside the previous sale of the property of the parties and ordered it resold. The register was again ordered to hold a reference after the sale to ascertain the balance due on the real estate mortgage and:
 [T]he balance due on the accounts of the parties . . . to Sears, J.C. Penney's, Loveman's, Pizitz, BankAmericard, Master Charge, First Alabama Bank of Huntsville, General Motors Acceptance Corporation, Montgomery Ward Co., VISA and Parisian.
The register on March 12, 1979 reported that the wife was the highest bidder for the real estate for $29,500 and for the personal property for $2,150. On March 16, 1979 the court confirmed the report of the register, no objections having been filed as to such sale. Thereafter, on March 27 and April 24, *Page 1127 
both parties filed motions, which have not been ruled upon by the court, complaining that all of the personal property had not been sold, each contending that the other had removed and withheld from the register's sale many valuable items. The 1977 Buick was not sold, but it was not listed as an item so withheld.
On May 9, 1979 the register gave notice to both attorneys of the holding of a reference on May 11, 1979 in order to determine the names of the creditors and the amounts due thereon. On the date of the reference, according to a motion filed by the defendant, an impasse resulted between the parties since they could not agree as to which debts were to be satisfied from the sale proceeds. The appellant requested that the court set a hearing whereupon the court would take testimony, review the record and direct the register as to which debts of the parties were to be paid out of the parties' money held by the register.
On June 19, 1979 the court rendered the "amended decree" as to which the appellant has pursued this appeal. That judgment was as follows:
 This cause coming on to be heard on Motion of defendant to adjudge an impasse between the parties as to what debts should be paid as previously decreed by the court, specifically as to whether the debt to GMAC should be paid out of the proceeds of the sale of the real and personal property or the title to the Buick automobile which secured the debt to GMAC vested in the defendant with the assumption of the debt by the defendant, and the court having reviewed the decree as amended in this cause and the pronouncement of the court September 5, 1978, is of the opinion through inadvertence the court failed to make it clear that the defendant was not to receive the Buick automobile and to have the debt for same paid out of the proceeds of the sale of the real and personal property; that the automobile should be given to the defendant with the defendant assuming payment of the indebtedness to GMAC. It is
 Therefore ORDERED AND ADJUDGED the decree of this court entered as an amended decree February 9, 1979, which by inadvertence designated General Motors Acceptance Corporation as a creditor be, and is hereby amended in that the title to the Buick automobile as described in the testimony taken in this cause be, and is hereby, vested in Johnny Rheams, Jr. with the assumption of the indebtedness to General Motors Acceptance Corporation.
On June 27, 1979 the wife filed a motion which sought an ascertainment of the creditors and amounts. The motion contained the following averments:
 On May 18, 1979, the defendant moved the court to set a hearing whereupon the court would take testimony, review the record and direct the Register as to which debts of the parties to be paid; that such cause was set for hearing on May 29, 1979, 10:00 o'clock A.M.
 On May 29, 1979, at 10:00 o'clock A.M., the court in chambers advised counsel for plaintiff and defendant that the court never intended for the defendant to have title to the Buick automobile and also for the balance owed to come out of the proceeds of the sale of the real and personal property; that defendant may take title and assume the debt or the vehicle would be sold, with the proceeds to be applied toward the payment of the debt, if any surplus to be merged with the amount on deposit with the Register for distribution.
 On June 19, 1979, the matter of payment of the GMAC account, or title of the Buick automobile, still had not been resolved and the court at such time, by Amended Decree, in the presence of counsel for plaintiff and defendant, awarded to the defendant the Buick automobile directing the defendant assume and pay the indebtedness to GMAC.
After hearing testimony, which was not included in the evidence transcribed in the record on appeal, on June 29, 1979 the court ordered that Pizitz, Visa, Parisians, Montgomery Ward, Master Charge, Sears, the *Page 1128 
appellant and the appellee be paid specified amounts out of the funds of the parties held by the register. Such payments extinguished the proceeds of the sale.
On July 12, 1979 the husband appealed from the June 19, 1979 judgment. He complains that the circuit court was not vested with authority to render the June 19 judgment since it modified or enlarged prior judgments more than four months old by expressing something which the court did not pronounce originally.
We disagree with the appellant's contention. The laborious history of this case has been detailed in this opinion in order to reveal that the questions as to which creditors would be paid and the amount of such payments from the loan proceeds were matters which were almost constantly before the court from the time of the filing of the complaint until the judgments of June 19 and June 29, 1979. The controversies between the parties as to these matters were not disposed of until the rendition and entering of the June 1979 judgments.
The judgments of the court prior to the June 1979 judgments, pertaining to which creditors would be paid from the sale proceeds and the amounts due to such creditors, were interlocutory in nature. An interlocutory judgment is subject to modification at any time before final judgment. Scott v.Leigeber, 245 Ala. 583, 18 So.2d 275 (1944). Since such judgments were interlocutory in nature and were still within the breast of the court, Rules 59 and 60 of the Alabama Rules of Civil Procedure did not apply. Our rules of civil procedure did not alter the power of a court to modify an interlocutory judgment at any time prior to a final judgment. 11 Wright 
Miller, Federal Practice and Procedure, § 2852 at 145 (2d ed. 1970).
The trial judge had already heard extensive evidence and had authority to render the June 1979 judgments. The lower court did not err in rendering the June 19, 1979 judgment.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the 1975 Code of Alabama. His opinion is hereby adopted as that of this court.
The judgment below is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., BRADLEY and HOLMES, JJ., concur.