The plaintiff/widow, Mittie Marie Posey, appeals from what she calls a denial of her family allowance claim. The family allowance provision of the Probate Code, Ala. Code 1975, §43-8-112, provides inter alia, "a reasonable allowance" from a decedent's estate for the decedent's "surviving spouse . . . whom the decedent was obligated to support . . . for [the spouse's] maintenance during the period of administration."
The pertinent facts of this case are undisputed.
Posey and her husband separated many months before his death. The husband's heirs are Posey, two surviving children *Page 1042 
from a previous marriage, and a grandchild.
Posey claimed, and was granted in the trial court,[1] a $6,000 homestead allowance and a $3,500 personal property allowance, but was denied, according to the parties, a "family allowance."
The trial court's order, if it was based on findings fromore tenus evidence as to whether Posey met the statutory requirements for a family allowance, would be entitled to considerable deference. Browning v. Carpenter, 596 So.2d 906
(Ala. 1992) (stating that such a judgment will be upheld unless the trial court is "plainly and palpably wrong").
To be "entitled to a reasonable allowance" Posey would have to meet the requirements of § 43-8-112, — she must be a "surviving spouse . . . whom the decedent was obligated to support."
As to what is a "reasonable allowance," the commentary to § 43-8-112 states several factors that "should" be taken into account, but directs that "need" is relative to the particular facts of each case.[2]
In the present case, there have been no factual findings on the family allowance claim, nor does it appear that the trial court has considered the merits of the claim and decided it. There is no mention of it in the trial court's order.
It could be argued that the trial court denied this claim by implication, through the language of its order stating that "all claims not herein adjudicated are denied." Through this language, the trial court may be understood to say that the parties were denied relief as to any claim the court did not consider.
It is fundamental to the proper exercise of judicial authority that such authority not be exercised to render a decision that is res judicata as to a claim, absent a consideration of the merits of the claim. Because in this instance, it affirmatively appears that the trial court did not consider the merits of the family allowance claim, we consider it to be unresolved, despite the trial court's seeming denial of it; we hold that this claim was not resolved by the trial court, by implication or otherwise, and that it is still before the trial court for a resolution.
Related to this matter, we deny the defendants' motion to strike, as untimely, an amendment to the trial court's order unrelated to the matter we have discussed. This motion is based on the assumption that the amendment was to a final judgment and was untimely as a post-judgment action. As we have suggested, the trial court's order in this case was not a final judgment. Therefore, the premise of the motion is flawed and we need not consider it.
MOTION DENIED; APPEAL DISMISSED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS and HOUSTON, JJ., concur.
ALMON and INGRAM, JJ., dissent.
[1] The administration of the husband's estate was removed from the Probate Court of Marion County to the Circuit Court of Marion County on the motion of Posey.
[2] We emphasize that "need" relates to how much of an allowance is reasonable, not to whether one is entitled to an allowance in the first instance.