In January 1998, Towanda Gainey filed an action in the district court of Mobile County, alleging unlawful detainer against Henry Malone in connection with a house owned by Gainey. The district court ruled in favor of Gainey, and Malone appealed to the Circuit Court of Mobile County. On April 1, 1998, the circuit court entered an order finding that Gainey was entitled to the relief she sought in her complaint. In that order, the trial court also ordered that Malone could file a claim to recover payment for improvements made to the property.
On April 9, 1998, Malone filed a list of his claim of damages for improvements or repairs he made to the property. On April 16, 1998, Malone filed an amended answer and a counterclaim, in which he sought specific performance of an alleged contract to purchase the house from Gainey.
On April 30, 1998, the trial court again took testimony in this case. Before the court heard testimony, Gainey's attorney reminded the judge that although Malone had filed a counterclaim, the purpose of that hearing was to determine whether Gainey owed Malone money for repairs or improvements to the property. Gainey's attorney stated that he was prepared to go forth with the limited inquiry on the issue of damages.
The April 30, 1998, hearing was conducted on the issue of damages. On that same date, the trial court entered an order finding that Malone had incurred no expense in regard to improvements to the house, and it entered a judgment in favor of Gainey. Malone filed a "motion to reconsider"[1] that order. After the expiration of 90 days, Malone appealed, apparently assuming that his "motion to reconsider" had been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P.[2] The Supreme Court of Alabama *Page 726 
transferred the appeal to this court, pursuant to § 12-2-7, Ala. Code 1975.
However, the trial court did not address Malone's counterclaim for specific performance in its April 30, 1998, order. In Poseyv. Posey, 614 So.2d 1041 (Ala. 1993), our supreme court dismissed an appeal where the trial court made no factual findings on one of the plaintiff's claims and where the trial court failed to mention the claim in its order. In Posey, the trial court had stated in its order that "`all claims not herein adjudicated are denied.'" Posey v. Posey, 614 So.2d at 1042. Our supreme court, noting that it did not appear that the trial court had considered the merits of the claim, held that, "[I]t is fundamental to the proper exercise of judicial authority that such authority not be exercised to render a decision that is res judicata as to a claim, absent a consideration of the merits of the claim." Id. The supreme court held that in spite of the language of the judgment, the plaintiff's claim had not been considered "by implication or otherwise"; the court dismissed the appeal as being from a nonfinal judgment. Id.
The trial court's order did not address Malone's counterclaim. The record indicates that the merit of Malone's counterclaim was not argued at the April 30, 1998, hearing and was not considered by the trial court. Therefore, Malone's counterclaim is still pending before the trial court for a resolution. We must dismiss this appeal as being from a nonfinal judgment.
DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
[1] The Alabama Rules of Civil Procedure do not provide for a "motion to reconsider." However when a motion is so styled, it is treated as a Rule 59(e) motion to alter amend, or vacate a judgment if its substance complies with the requirements for a post-trial motion under that rule. Ex parte Alfa Mut. Gen. Ins.Co., 684 So.2d 1281 (Ala. 1996); Ex parte Johnson, 673 So.2d 410
(Ala. 1994).
[2] We note that a Rule 59 motion may be made only in reference to a final judgment or order. Rule 59(b) and (e), Ala. R Civ. P.; Nelson v. Landis, 709 So.2d 1299, n. 1 (Ala.Civ.App. 1998).