[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 703 
On May 16, 2000, Momar, Inc. ("Momar"), sued Sam Schneider, alleging that Schneider, a former employee, breached a noncompetition and nonsolicitation agreement contained in an employment contract between the parties. Momar sought a judgment declaring that Schneider had violated the provisions of the employment contract, and sought to have Schneider preliminarily and permanently enjoined from further violating the provisions of the employment agreement. Momar also filed a claim for money damages.
On July 13, 2000, Momar moved for an immediate hearing on its request for a preliminary injunction. The trial court conducted a hearing on that motion. On August 17, 2000, the trial court entered an order in which it granted in part and denied in part Momar's motion for a preliminary injunction. Momar filed a "Motion to Amend Findings of Fact and Alter/Amend [the] Order" on September 15, 2000; the trial court denied that motion on September 25, 2000. On October 10, 2000, Momar appealed.
Although neither party addresses the issue whether this court has jurisdiction to consider this appeal, jurisdictional issues are of such importance that an appellate court may take notice of them at any time,ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala.Civ.App. 1998). "The timely filing of a notice of appeal is a jurisdictional act."Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App. 1985); see also
Rule 2(a)(1), Ala.R.App.P. Because we conclude that this appeal is untimely, we must dismiss it. Rule 2(a)(1), Ala.R.App.P.
The trial court's August 17, 2000, order denied, in part, Momar's motion for a preliminary injunction; Momar's request for a declaratory judgment and for an award of damages are still pending before the trial court. Therefore, its order was interlocutory. Our supreme court has held that it has jurisdiction to consider an appeal from an interlocutory order denying a motion for a preliminary injunction. Perley v. Tapscan,Inc., 646 So.2d 585, 586 (Ala. 1994) (citing Davis v. Hester, 582 So.2d 538
(Ala. 1991)). Normally, this court does not have jurisdiction over interlocutory appeals. Plantation S. Condo. Ass'n v. Profile Mgmt.Corp., 783 So.2d 838 (Ala.Civ.App. 2000). However, our supreme court transferred this appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
The Alabama Rules of Appellate Procedure specifically set forth the procedure for taking an appeal from an order on a motion for a preliminary injunction:
 "Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from, or within the time allowed by an extension pursuant to Rule 77(d), Alabama Rules of Civil Procedure. In appeals from the following orders or judgments, the notice of appeal shall be filed within 14 days (2 weeks) of the date of the entry *Page 704 
 of the order or judgment appealed from: (A) any interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction; (B) any interlocutory order appointing or refusing to appoint a receiver; (C) any interlocutory order determining the right to public office; (D) any judgment in an action for the validation of public obligations, including any action wherein a judgment is entered with respect to the validity of obligations of the State of Alabama or any agency or instrumentality thereof; and (E) any final order or judgment issued by a juvenile court."
Rule 4(a)(1), Ala.R.App.P. (emphasis added).
Thus, an appeal from a ruling on a motion for a preliminary injunction is an interlocutory order that "shall" be filed within 14 days of the entry of the order. Rule 4(a)(1)(A). Momar did not file a notice of appeal within 14 days of the trial court's August 17, 2000, order. Rather, on September 15, 2000 — 29 days after the entry of the trial court's order — Momar filed a motion purportedly pursuant to Rules 52 and 59, Ala.R.Civ.P. A postjudgment motion taken pursuant to Rule 52 or Rule 59 suspends the time for taking an appeal from a final judgment until the date on which the trial court rules on the motion or 90 days from the date the motion is filed, i.e., the date the motion is denied by operation of law, whichever date is earlier. Rule 59.1, Ala.R.Civ.P. Such a postjudgment motion may be taken only from a final judgment. Malone v. Gainey, 726 So.2d 725, 725, n. 2 (Ala.Civ.App. 1999).
Rule 54(a), Ala.R.Civ.P., defines "judgment" to include "a decree [or] any order from which an appeal lies." However, our supreme court has made a distinction between an appeal from an interlocutory order on a motion for a preliminary injunction and an appeal from a final judgment that would support an appeal, and therefore, a postjudgment motion:
 "An appeal to this Court, as a general rule, will not lie from an order or judgment that is not final and conclusive. Ala. Code 1975, § 12-22-2. However, this Court does have jurisdiction over an appeal `from any interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction.' See Rule 4(a)(1)(A), [Ala.] R. App. P."
Benetton Servs. Corp. v. Benedot, Inc., 551 So.2d 295, 298 (Ala. 1989).See also Davis v. Hester, supra. Our supreme court has jurisdiction to consider an appeal from an interlocutory order ruling on a preliminary injunction because Rule 4(a)(1), Ala.R.App.P., enumerates forth several narrow exceptions to the rule that only a final judgment will support an appeal. In doing so, that rule clearly distinguishes between appeals taken from "judgments" and appeals taken from the "interlocutory orders" enumerated in the rule. Rule 4(a)(1), Ala.R.App.P.[2]
In Jefferson County Commission v. ECO Preservation Services, L.L.C.,788 So.2d 121 (Ala. 2000), the trial court entered a preliminary order granting ECO certain injunctive relief on November 29, 1999. On December 17, 1999, the trial court certified its November 29, 1999, order as final pursuant to Rule 54(b), Ala.R.Civ.P. The Commission appealed 33 days *Page 705 
after the trial court's December 17, 1999, Rule 54(b) judgment. ECO argued that the Commission's appeal was untimely. Our supreme court concluded that the trial court's December 17, 1999, certification of its November 29, 1999, order pursuant to Rule 54(b) altered the interlocutory nature of that order and converted it to a final judgment. In holding that the appeal was timely under the facts of that case, our supreme court stated:
 "[T]he 14-day limit prescribed by Rule 4(a)(1)(A), Ala.R.App.P., applies only to interlocutory orders granting an injunction — orders that are not otherwise appealable. We conclude that the trial court's December 1999 order was not an `interlocutory order' as that phrase is used in Rule 4. While it is true that after the court entered its December 1999 order there were apparently other claims pending in the trial court, the order was not `interlocutory' because the trial court made the order final pursuant to Rule 54(b), Ala.R.Civ.P. If an injunction order has been made final by a Rule 54(b) certification, as has happened in this case, then the 14-day provision of Rule 4(a)(1)(A) does not apply, because the injunction order is not an `interlocutory order' and is appealable without regard to the provisions of Rule 4(a)(1)(A)."
Jefferson County Comm'n v. ECO Pres. Servs., L.L.C., 788 So.2d at 126.
Rule 54(b), Ala.R.Civ.P., provides, in part, that any order that
 "adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
In this case, the trial court's August 17, 2000, order was not certified as a final order pursuant to Rule 54(b). That order could be modified at any time before the trial court's entry of a final judgment on all of Momar's claims. Therefore, this action is not appealable "without regard to" the requirements of Rule 4(a)(1), Ala.R.App.P. See Jefferson CountyComm'n v. ECO Pres. Servs., L.L.C., 788 So.2d at 126.
Momar's moving for a finding of facts pursuant to Rule 52, Ala.R.Civ.P., in its September 15, 2000, postjudgment motion did not extend the time for appeal pursuant to Rule 59.1, Ala.R.Civ.P. Rule 52 provides, in part:
 "In all actions tried upon the facts without a jury or with an advisory jury, the court may upon written request and shall when required by statute, find the facts specially and state separately the conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court may similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action."
Rule 52(a), Ala.R.Civ.P. (emphasis added). The rule goes on to state that "[u]pon motion of a party filed not later than thirty (30) days afterjudgment or entry of findings and conclusions the court may amend its findings or make additional findings or may amend the judgment
accordingly." Rule 52(b), Ala.R.Civ.P. (emphasis added). Thus, Rule 52 provides a method by which a party may request factual findings with regard to a judgment; however, the time frame set forth for filing a motion pursuant to that rule references a "judgment." Rule 52(b), Ala.R.Civ.P.
Rule 4(a)(1), Ala.R.App.P., sets forth the general procedure for appealing from a judgment. That rule also provides a *Page 706 
shortened time for taking an appeal from a limited class of interlocutory orders and judgments, including orders on motions for a preliminary injunction, interlocutory orders in cases involving the right to public office, and final orders or judgments of a juvenile court.[3] Rule 4(a)(1)(A), Ala.R.App.P. In establishing a 14-day time period in which to take an appeal from that class of cases, Rule 4(a)(1)(A) sets forth a method by which that limited class of cases may receive faster access to appellate court review. The position taken by Judge Murdock in his special writing would defeat the purpose behind shortening the time for taking an appeal from a judgment in one of those enumerated classes of cases to 14 days.
An order on a motion for a preliminary injunction is an interlocutory order; it does not constitute a "judgment" or a "final judgment." SeeJefferson County Comm'n v. ECO Pres. Servs., L.L.C., supra. Rule 4(a)(1)(A) "allows 14 days for an appeal from an interlocutory ordergranting [or denying] injunctive relief." Id. at 125 (some emphasis in original; some emphasis added). Momar's filing of a motion purportedly pursuant to Rule 52 or Rule 59, Ala.R.Civ.P., did not alter the interlocutory nature of the trial court's August 17, 2000, order. Momar's "postjudgment" motion, whether made pursuant to Rule 59 or Rule 52, Ala.R.Civ.P., did not make final an order that was inherently interlocutory. See Jefferson County Comm'n v. ECO Pres. Servs., L.L.C., supra.
Appendix IV to the Alabama Rules of Appellate Procedure states that those rules should be construed so as to reach the merits of an appeal.See also Rule 1, Ala.R.App.P. In citing that appendix in his special writing, Judge Murdock mischaracterizes this court's holding as a "procedural trap." 823 So.2d 708. However, the timely filing of a notice of appeal is a prerequisite for an appellate court's jurisdiction. Ruddv. Rudd, supra; Rule 2(a)(1), Ala.R.App.P. In recognizing that principle, Appendix IV states:
 "The Notice of Appeal. The only requirement which is jurisdictional under the rules is the timely filing of the notice of appeal. Rules 3(a)(1) and 4(a)(1). No provision is made for any extension of time for the filing of the notice of appeal, and the time for filing has been shortened considerably from six months to 42 days (6 weeks). Form 1, Appendix 1, provides a simple statement of the notice of appeal. Failure to file a notice of appeal within the prescribed time will result in an automatic dismissal.
 "A notice of appeal is required in appeals from interlocutory orders enumerated in Rule 4(a)(1)(A), (B), and (C) and must be filed within 14 days (2 weeks) as provided in such rule."
Appendix IV, Ala.R.App.P. (some emphasis added).
Momar did not appeal the August 17, 2000, order within the 14 days allowed by Rule 4(a)(1)(A), Ala.R.App.P. Its September 15, 2000, motion did not operate to extend the time for taking an appeal from that order pursuant to Rule 59.1, Ala.R.Civ.P. Therefore, we conclude that the appeal is untimely. This court has no jurisdiction to consider an untimely appeal; therefore, this appeal is due to be dismissed. Rule 2(a)(1), Ala.R.App.P.
APPEAL DISMISSED. *Page 707 
Yates, P.J., and Pittman, J., concur.
Crawley and Murdock, JJ., concur in the result.
[2] The committee comments to Rule 4 also make a similar distinction: "This amendment to Rule 4(a)(1) adds appeals from final orders or judgments of a juvenile court to the list of those orders or judgments
from which an appeal must be taken within 14 days. See Rule 28(C), Ala. R. Juv. P." Committee Comments to Amendment to Rule 4(a)(1) and Adoption of Rule 4(c) Effective September 1, 2000 (emphasis added).
[3] The Alabama Rules of Juvenile Procedure set forth the procedure for making postjudgment motions from final judgments of a juvenile court; such motions are subject to shorter time limits than those provided in the Rules of Civil Procedure. Rule 1(A) and (B), Ala. R. Juv. P.