866 So.2d 547 (2003)
Ex parte TROUTMAN SANDERS, LLP.
(In re Mary A. Champion et al. v. Dill, Dill, Carr, Stonbraker & Hutchings, P.C., et al.).
1011812.
Supreme Court of Alabama.
February 21, 2003.
Rehearing Denied May 30, 2003.
*548 Warren B. Lightfoot, Mac M. Moorer, and James F. Hughey III of Lightfoot, Franklin & White, L.L.C., Birmingham; and Hewitt L. Conwill of Conwill & Justice, Columbiana, for petitioner.
E. Britton Monroe of Lloyd, Gray & Whitehead, P.C., Birmingham; Andrew P. Campbell and Caroline Smith Gidiere of Campbell, Waller & Loper, L.L.C., Birmingham; and Frank Corley Ellis, Jr., of Wallace, Ellis, Fowler & Head, Columbiana, for respondents.
WOODALL, Justice.
Troutman Sanders, LLP ("Troutman"), petitions this Court for a writ of mandamus directing the Shelby Circuit Court to dismiss the claims of approximately 230 foreign plaintiffs, which are joined with the claims of Alabama plaintiffs, in two actions against Troutman and others. We dismiss the petition as untimely.
This petition arises out of the same litigation that precipitated Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519 (Ala.2003), also released today, which involves two cases, one filed by Mary Champion and others, CV-01-430 ("Champion"), and the other filed by Allen Austin and others, CV-01-971 ("Austin "). Troutman is one of several defendants in those cases. The substantive facts are set forth in Ex parte Dill; we will not repeat them here. Because this petition is resolved on procedural grounds, we set forth only those facts relevant to the procedural posture of this petition.
On February 7, 2002, Troutman, pursuant to Ala.Code 1975, § 6-5-430, moved in each case to dismiss the claims of the nonresident plaintiffs against it on the ground of forum non conveniens. On April 9, 2002, the trial court denied the motion in Austin. On April 29, 2002, Troutman filed in each case a "motion to reconsider" the denial of its motion to dismiss the foreign plaintiffs. On May 13, 2002, the trial court denied Troutman's motion to dismiss in Champion. On May 24, 2002, the trial court denied Troutman's "motion to reconsider" in Austin. On June 27, 2002, Troutman petitioned this Court for a writ of mandamus, directing the trial court to "vacate [its] orders of April 9, May 13, and May 24, 2002, and ... to enter an order dismissing the 230 foreign plaintiffs from this suit, without prejudice." In other words, the petition was filed 79 days after the denial of the motion to dismiss in Austin, and 45 days after the denial in Champion. Citing Ala. R.App. P. 21(a), the respondents move this Court to dismiss the petition as untimely. They also request sanctions against Troutman "as a result of its filing an untimely [petition] *549 and failing to provide any good cause for the delay in its filing."
Rule 21(a) provides, in pertinent part:
"The petition [for a writ of mandamus] shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time."
(Emphasis added.) As the respondents correctly point out, Troutman's petition contains no explanation for Troutman's failure to file the petition within the 42 days contemplated by Rule 21.[1] They also correctly note that an explanation is mandatory, that is, the petition "shall include a statement of circumstances constituting good cause for the appellate court to consider the petition." (Emphasis added.)
In opposition to the respondents' motion to dismiss, Troutman argues: "The Rule 21 period for filing a mandamus petition commences with the denial of Troutman's motions for reconsideration. Those motions, it must first be noted, are correctly treated as (and might have been better labeled) motions to `alter, amend, or vacate' under Ala. R. Civ. P. 59(e)." Opposition to Respondents' Motion to Dismiss Petition and for Sanctions, at 3 (emphasis added).
In this connection, Rule 59(e), Ala. R. Civ. P., provides: "A motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment." (Emphasis added.) "Although the Alabama Rules of Civil Procedure do not talk of `motion[s] to reconsider,' this Court has consistently treated them as 59(e) motions `to alter, amend, or vacate the judgment' when such motions have been made pursuant to the guidelines for post-trial motions as set out in Rule 59." McAlister v. Deatherage, 523 So.2d 387, 389 n. 1 (Ala.1988). The proper filing of a Rule 59(e) motion "suspend[s] the running of the time for filing a notice of appeal." Ala. R.App. P. 4(a)(3).
The respondents contend that the trial court's denials of Troutman's motions to dismiss are interlocutory orders, and that "[a] motion filed after the entry of an interlocutory order is not a `post judgment' motion, as no judgment has been entered. Thus, a motion to reconsider [the] entry [of] an interlocutory order is not a `post judgment' motion and does not suspend the time for filing an appeal." Respondents' Reply to Troutman's Opposition to Respondents' Motion to Dismiss Petition and for Sanctions, at 6.
The respondents correctly describe the April 9 and May 13 orders as interlocutory. Orders denying motions to dismiss are interlocutory and trigger no right of appeal. Ryan v. Hayes, 831 So.2d 21 (Ala. 2002); Ex parte McInnis, 820 So.2d 795, 798 (Ala.2001); Dzwonkowski v. Sonitrol of Mobile, Inc., 854 So.2d 598 (Ala.Civ. App.2002). The dispositive question, therefore, is whether a "motion to reconsider" tolls the time for filing a petition for a writ of mandamus seeking review of an interlocutory order. We must answer that question in the negative.
By its express terms, Rule 59(e) applies only where there is a "judgment." *550 That term is specifically defined in Ala. R. Civ. P. 54(a), as "a decree and any order from which an appeal lies." (Emphasis added.) Rule 59 does not apply to interlocutory orders, because such orders remain "within the breast of the court." Rheams v. Rheams, 378 So.2d 1125, 1128 (Ala.Civ.App.1979). A "Rule 59 motion may be made only in reference to a final judgment or order." Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999); see also Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir.1988); Momar, Inc. v. Schneider, 823 So.2d 701, 704 (Ala.Civ. App.2001) (a Rule 59(e) "motion may be taken only from a final judgment"). Therefore, the tolling effect of Rule 59 is not involved with respect to motions to "reconsider" interlocutory orders. See Wagoner v. Wagoner, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991) (a "motion for reconsideration" of an interlocutory order does not "call into play the timing and tolling considerations attendant upon motions to alter or amend judgment[s] under Fed. R.Civ.P. 59(e)").
Troutman contends that this result conflicts with our holding in Ex parte Lagrone, 839 So.2d 620 (Ala.2002). In that case, this Court entertained a petition for a writ of mandamus filed after the denial of a motion to "alter, amend, or vacate [a] judgment of dismissal," which denial came more than four months after the judgment of dismissal. Id. at 622 (emphasis added). However, Lagrone is inapposite for at least two reasons. First, it involved a "judgment" dismissing a complaint as to certain defendants for lack of personal jurisdiction, not the denial of a motion to dismiss. Second, the timeliness of the mandamus petition was not there challenged. The case simply involved no timeliness issue. Thus, Lagrone cannot stand for the proposition that a "motion to reconsider" tolls the time in which to seek mandamus review of an interlocutory order denying a motion to dismiss that alleged forum non conveniens.
Because Rule 59(e) is inapplicable and because Troutman has offered no explanation for its failure to file the petition within a presumptively reasonable time, we must grant the respondents' motion to dismiss the petition. The request for sanctions is denied.
PETITION DISMISSED.
MOORE, C.J., and HOUSTON, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
SEE, LYONS, and BROWN, JJ., dissent.
LYONS, Justice (dissenting).
I must respectfully dissent from the holding in the main opinion that the petition for the writ of mandamus was untimely filed. The main opinion takes the petitioner, Troutman Sanders, LLP ("Troutman"), to task for filing its petition within 42 days from the trial court's denial of motions to reconsider its orders in two separate actions denying motions to dismiss on the ground of the doctrine of forum non conveniens, rather than within 42 days from the trial court's denials of the motions to dismiss. The petition was filed 79 and 45 days after the denials of the motions to dismiss.
Rule 21(a), Ala. R.App. P., as amended effective September 1, 2000, embraced the 42-day period for appealing from a final judgment in a civil case as the "presumptively reasonable time" for filing a petition for a writ of mandamus. That Rule 21(a) was not dealing with a jurisdictional time limit is inherent in the language of the rule referring to a "presumptively reasonable time." Indeed, Rule 21(a) expressly contemplates acceptance of a petition filed outside this "presumptively reasonable *551 time." The Committee Comments to Amendments to Rule 21(a) and 21(e)(4) Effective September 1, 2000, illustrate instances in which a petition filed beyond the presumptively reasonable time would be accepted, setting forth factors such as "the prejudice to the petitioner of the court's not accepting the petition and the prejudice to the opposing party of the court's accepting it; the impact on the timely administration of justice in the trial court; and whether the appellate court has pending before it other proceedings relating to the same action, and as to which the jurisdiction of the appellate court is unchallenged."
In this proceeding, Troutman filed motions to reconsider adverse rulings on its motions to dismiss on grounds of forum non conveniens within 30 days of the trial court's rulings. Because Rule 21(a) refers only to the time for the taking of an appeal as a presumptively reasonable time, the main opinion is technically correct in disallowing from the computation of the 42-day period the time during which the motion to reconsider was pending. However, because the revision to the rule is relatively new, because we have not heretofore addressed the effect of a motion to reconsider on the timeliness of a petition for a writ of mandamus, and because of the salutary nature of the practice of seeking reconsideration in a timely fashion before invoking the jurisdiction of this Court, I cannot treat as fatal Troutman's failure to set forth in its petition circumstances constituting good cause for the Court to consider the petition notwithstanding that it was filed beyond the presumptively reasonable time. While Rule 21(a) provides that the petition "shall include a statement of circumstances constituting good cause for the appellate court to consider the petition" (emphasis added) if it is filed outside the presumptively reasonable time, I am not prepared to say that such a statement is a jurisdictional requirement and incapable of later submission if the court deems such submission appropriate. Rule 1, Ala. R.App. P., requires that the rules "shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits." Rule 2(b), Ala. R.App. P., authorizes an appellate court to "suspend the requirements or provisions of any of these rules in a particular case ... on its own motion and [to] order proceedings in accordance with its direction," subject to exceptions not here applicable. I consider the circumstances surrounding Troutman's failure to file its petition within 42 days of the trial court's rulings to have been sufficiently explained, and I would invoke Rule 1 and Rule 2(b) so as to overcome Troutman's failure to provide an explanation for its failure in its original petition. Moreover, I do not consider the delay to be prejudicial to the rights of the respondents. I would reach the merits. Therefore, I must dissent.
SEE and BROWN, JJ., concur.
NOTES
[1] Troutman first mentions the timeliness issue in its "Opposition to Respondents' Motion to Dismiss Petition and for Sanctions."