WOODALL, Justice.
Troutman Sanders, LLP (“Troutman”), petitions this Court for a writ of mandamus directing the Shelby Circuit Court to dismiss the claims of approximately 230 foreign plaintiffs, which are joined with the claims of Alabama plaintiffs, in two actions against Troutman and others. We dismiss the petition as untimely.
This petition arises out of the same litigation that precipitated Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519 (Ala.2003), also released today, which involves two cases, one filed by Mary Champion and others, CV-01^130 (“Champion ”), and the other filed by Allen Austin and others, CV-01-971 (“Austin”). Troutman is one of several defendants in those cases. The substantive facts are set forth in Ex parte Dill-, we will not repeat them here. Because this petition is resolved on procedural grounds, we set forth only those facts relevant to the procedural posture of this petition.
On February 7, 2002, Troutman, pursuant to Ala.Code 1975, § 6-5-430, moved in each case to dismiss the claims of the nonresident plaintiffs against it on the ground of forum non conveniens. On April 9, 2002, the trial court denied the motion in Austin. On April 29, 2002, Troutman filed in each case a “motion to reconsider” the denial - of its motion to dismiss the foreign plaintiffs. On May 13, 2002, the trial court denied Troutman’s motion to dismiss in Champion. On May 24, 2002, the trial court denied Troutman’s “motion to reconsider” in Austin. On June 27, 2002, Troutman petitioned this Court for a writ of mandamus, directing the trial court to “vacate [its] orders of April 9, May 13, and May 24, 2002, and ... to enter an order dismissing the 230 foreign plaintiffs from this suit, without prejudice.” In other words, the petition was filed 79 days after the denial of the motion to dismiss in Austin, and 45 days after the denial in Champion. Citing Ala. R.App. P. 21(a), the respondents move this Court to dismiss the petition as untimely. They also request sanctions against Troutman “as a result of its filing an untimely [peti- *549 tíon] and failing to provide any good cause for the delay in its filing.”
Rule 21(a) provides, .in pertinent part:
“The petition [for a writ of mandamus] shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking revieiv of an order of a trial court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
(Emphasis added.) As the respondents correctly point out, Troutman’s petition contains no explanation for Troutman’s failure to file the petition within the 42 days contemplated by Rule 21.[1] They also correctly note that an explanation is mandatory, that is, the petition “shall include a statement of circumstances constituting good cause for the appellate court to consider the petition.” (Emphasis added.)
In opposition to the respondents’ motion to dismiss, Troutman argues: “The Rule 21 period for filing a mandamus petition commences with the denial of Trout-man’s motions for reconsideration. Those motions, it must first be noted, are correctly treated as (and might have been better labeled) motions to ‘alter, amend, or vacate’ under Ala. R. Civ. P. 59(e).” Opposition to Respondents’ Motion to Dismiss Petition and for Sanctions, at 3 (emphasis added).
In this connection, Rule 59(e), Ala. R. Civ. P., provides: “A motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment.” (Emphasis added.) “Although the Alabama Rules of Civil Procedure do not talk of ‘motion[s] to reconsider,’ this Court has consistently treated them as 59(e) motions ‘to alter, amend, or vacate the judgment’ when such motions have been made pursuant to the guidelines for post-trial motions as set out in Rule 59.” McAlister v. Deatherage, 523 So.2d 387, 389 n. 1 (Ala.1988). The proper filing of a Rule 59(e) motion “suspend[s] the running of the time for filing a notice of appeal!” Ala. R.App. P. 4(a)(3).
The respondents contend that the trial court’s denials of Troutman’s motions to dismiss are interlocutory orders, and that “[a] motion filed after the entry of an interlocutory order is not a ‘post judgment’ motion, as no judgment has been entered. Thus, a motion to reconsider [the] entry [of] an. interlocutory order is not a ‘post judgment’ motion and does not suspend the time for filing an appeal.” Respondents’ Reply to .Troutman’s Opposition to Respondents’ Motion to Dismiss Petition and for Sanctions, at 6.
The respondents correctly describe the April 9 and May 13 orders as interlocutory. Orders denying motions to dismiss are interlocutory and trigger no right of appeal. Ryan v. Hayes, 831 So.2d 21 (Ala.2002); Ex parte McInnis, 820 So.2d 795, 798 (Ala.2001); Dzwonkowski v. Sonitrol of Mobile, Inc., 854 So.2d 598 (Ala.Civ.App.2002). The dispositive question, therefore, is whether a “motion to reconsider” tolls the time for filing a petition for a writ of mandamus seeking review of an interlocutory order: We must answer that question in the negative.
By its express terms, Rule 5.9(e) applies only where there is a “judgment.” *550 That term is specifically defined in Ala. R. Civ. P. 54(a), as “a decree and any order from which an appeal lies.” (Emphasis added.) Rule 59 does not apply to interlocutory orders, because such orders remain “within the breast of the court.” Rheams v. Rheams, 378 So.2d 1125, 1128 (Ala.Civ.App.1979). A “Rule 59 motion may be made only in reference to a final judgment or order.” Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999); see also Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir.1988); Momar, Inc. v. Schneider, 823 So.2d 701, 704 (Ala.Civ.App.2001) (a Rule 59(e) “motion may be taken only from a final judgment”). Therefore, the tolling effect of Rule 59 is not involved with respect to motions to “reconsider” interlocutory orders. See Wagoner v. Wagoner, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991) (a “motion for reconsideration” of an interlocutory order does not “call into play the timing and tolling considerations attendant upon motions to alter or amend judgment^] under Fed. R.Civ.P. 59(e)”).
Troutman contends that this result conflicts with our holding in Ex parte Lagrone, 839 So.2d 620 (Ala.2002). In that case, this Court entertained a petition for a writ of mandamus filed after the denial of a motion to “alter, amend, or vacate [a] judgment of dismissal,” which denial came more than four months after the judgment of dismissal. Id. at 622 (emphasis added). However, Lagrone is inapposite for at least two reasons. First, it involved a “judgment” dismissing a complaint as to certain defendants for lack of personal jurisdiction, not the denial of a motion to dismiss. Second, the timeliness of the mandamus petition was not there challenged. The case simply involved no timeliness issue. Thus, Lagrone cannot stand for the proposition that a “motion to reconsider” tolls the time in which to seek mandamus review of an interlocutory order denying a motion to dismiss that alleged forum non conveniens.
Because Rule 59(e) is inapplicable and because Troutman has offered no explanation for its failure to file the petition within a presumptively reasonable time, we must grant the respondents’ motion to dismiss the petition. The request for sanctions is denied.
PETITION DISMISSED.
MOORE, C.J., and HOUSTON, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
SEE, LYONS, and BROWN, JJ., dissent.

. Troutman first mentions the timeliness issue in its "Opposition to Respondents' Motion to Dismiss Petition and for Sanctions."