I concur in the result reached by the main opinion as to the petition of Kathy Sawyer and James R. Finch, but in so doing I believe it important to note the following:
First, I agree with Justice Stuart's comments regarding this portion of the main opinion.
Second, the desirability of addressing a claim of sovereign immunity before trial, thereby potentially saving the court system and the parties the time, effort, expense, and other burdens of preparing for and conducting a trial, obtains whether the defense of sovereign immunity is deemed an issue of subject-matter jurisdiction, as the petitioners urge, or not, as the main opinion and Justice Lyons urge.[3] In addition, the principle that a defense of subject-matter jurisdiction can be raised at any time means that the defense need not be raised before or at trial, but can be raised in a proper postjudgment motion or even for the first time on appeal. This principle does not mean that, if the defense is to be raised before or during a trial, rather than after trial or on appeal, the trial court cannot set reasonable temporal or other procedural guidelines for the defendant to follow. I therefore do not believe it necessary for this Court, in deciding this case, to address the issue whether Sawyer's and Finch's claims of sovereign immunity go to the subject-matter jurisdiction of the trial court.[4] *Page 1114 
Third, the trial court's scheduling order gave the defendants, Sawyer and Finch, only three weeks from the date of that order for filing motions for a summary judgment. Moreover, the deadline set by the trial court — February 7, 2006 — was over four months before the scheduled trial date. The argument that the three-week period was an unreasonably short time frame and that February 7 was too early a deadline relative to the trial setting has merit. Nevertheless, Sawyer and Finch did not file their motion for a summary judgment until three months after their three-week window for doing so had closed, and they did not file their motion for a modification of the scheduling order until one month before the scheduled trial date. Had these filings been made closer to the February 7 deadline, I would be more inclined to find that the trial court exceeded its discretion in not considering Sawyer and Finch's summary-judgment motion on its merits before trial.[5]
Finally, because the trial court is now to consider the summary-judgment motion of Sonya Stevens, see
Part III.C, of the main opinion, I believe the trial court should exercise its discretion to simultaneously consider Sawyer and Finch's motion for a summary judgment on the ground of sovereign immunity, thereby potentially saving the court system and the parties the time, effort, expense, and other burdens of preparing for and conducting a trial.
 II. Stevens (case no. 1051304)
I also concur in the result as to the portion of the main opinion addressing Sonya Stevens's petition. I write separately to further explain my views as to the issues raised by this petition.
In September 2005, the plaintiff, Laura Percer, filed a motion to amend her complaint to substitute Stevens for fictitiously named defendants. The two previously named defendants, Sawyer and Finch, filed what they referred to as an "opposition" to that motion. Thereafter, on December 15, 2006, a "supplement" to that opposition (hereinafter the "supplemental opposition") was filed. In that supplemental opposition, the attorneys for Sawyer and Finch stated that they represented both of those defendants, as well as the Alabama Department of Mental Health and Mental Retardation (Stevens's employer) and stated in a footnote that "consequently . . . the undersigned also represent Ms. Stevens for purposes of this Opposition."
In a January 18, 2006, order, the trial court ruled that Percer could amend her complaint to substitute Stevens as a named party. On February 7, 2006, the deadline for filing motions for a summary judgment (as set in a previously entered scheduling order) expired. Stevens was served with process on February 11, 2006. On March 1, 2006, Stevens filed a petition for a writ of mandamus in this Court, challenging the decision of the trial court as set forth in its January 18, 2006, order, to allow the plaintiff to name Stevens as a defendant in an amended complaint.
Two weeks later, on March 13, 2006, Stevens filed in the trial court a motion to dismiss pursuant to Rule 12(b)(6), Ala. R. Civ. P., in which Stevens sought the formal dismissal
of the claims against her on the *Page 1115 
ground that they were barred by the applicable statute of limitations. A week later, on March 20, 2006, the trial court entered an order stating that a pending motion by defendants Sawyer and Finch was denied and that "a Motion to Dismiss filed by Defendant Sawyer" was denied. Sawyer had no such motion pending at the time.[6]
Sometime after March 20, 2006, Stevens supplemented her still pending petition for a writ of mandamus in this Court with a copy of the trial court's March 20 order. On May 3, 2006, this Court denied Stevens's March 1 petition for a writ of mandamus on the ground that, notwithstanding the footnote in the December 15 supplemental opposition, Stevens was not a party to the opposition filed by Sawyer and Finch and therefore had no clear legal right to the order sought. That denial came on the 44th day after the trial court's entry of its March 20, 2006, order.
After waiting on this Court's decision as to her March 1 petition for a writ of mandamus and then receiving that decision when she did, Stevens faced a choice. She could file a second petition for a writ of mandamus in this Court, asking this Court to directly address the trial court's March 20, 2006, order. Alternatively, she could return to the trial court and ask that court for leave, beyond the February 7 scheduling order deadline, to file a motion for a summary judgment in which she could assert her statute-of-limitations defense. She chose the latter course and on March 17, 2006, filed a motion in the trial court seeking a modification of the scheduling order. In it, Stevens noted that she "never had an opportunity to seek summary judgment [because] [t]he scheduling order set February 7, 2006, as the deadline for filing summary judgment motions[, and] . . . Stevens was not served with a copy of the Summons, Complaint, and Amended Complaint until February 11, 2006." The trial court responded two days later with an order dated May 19, in which it stated:
 "Th[is] Court set the deadline for filing motions for summary judgment after discussion in open Court on January 12, 2006, and explained its reasons for setting the reasonably short deadline. No one objected. The same attorneys represent all defendants, whose interests and defenses do not appear to be inconsistent or diverse from each other. The Court finds no reason to reconsider its May 5, 2006, Order or to modify the Scheduling Order."
(Emphasis added.)
In response, Stevens promptly filed on May 25 a motion for leave to file a motion for a summary judgment in which she reiterated her argument that she had never had an opportunity to file a motion for a summary judgment and, citing Rule 1(c), Ala. R. Civ. P., added that she would be prejudiced and would be deprived of a *Page 1116 
"just, speedy, and inexpensive determination of the action if she were not allowed to file a summary-judgment motion. (On the same day, Stevens filed her proposed motion for a summary judgment, a motion that was devoted exclusively to her statute-of-limitations defense.) On June 8, 2006, the trial court denied Stevens's motion for leave to file her motion for a summary judgment. Five days later, on June 13, 2006, Stevens filed the petition now before us, seeking relief both from the trial court's March 20, 2006, order and its June 8, 2006, order.
With respect to the trial court's June 8, 2006, order, the pending petition was filed well within the presumptively reasonable 42-day period set by Rule 21(a)(3), Ala. R.App. P. Insofar as the pending petition seeks a review of the trial court's March 20, 2006, order, I am unwilling to foreclose the consideration of the petition on the ground that it is untimely. Given the relatively unusual and uncertain circumstances described above, and given the consistency with which this Court has, since its decision in Ex parte Troutman Sanders,LLP, 866 So.2d 547 (Ala. 2003), declined to entertain petitions for writs of mandamus filed after the presumptively reasonable 42-day period, I cannot conclude that it was unreasonable for Stevens, upon receipt of this Court's order of May 3, 2006, to seek relief from the trial court's scheduling order so as to allow the filing of a motion for a summary judgment that would place the merits of Stevens's statute-of-limitations defense squarely before the trial court. My conclusion in this regard is bolstered by the fact that "Rule 21(a) refers only to . . . a presumptively reasonable time," see Troutman Sanders, 866 So.2d at 551 (Lyons, J., dissenting (emphasis added)), and that the course of action pursued by Stevens was designed to have the salutary effect of seeking a resolution of this matter by the trial court itself, before filing a potentially unnecessary "appeal," cf.id. (noting the "salutary nature of the practice of seeking reconsideration in a timely fashion before invoking the jurisdiction of this Court").
I believe we must set the bar for what constitutes "good cause" in rebuttal of the presumption of a 42-day period for filing a petition for a writ of mandamus at a height that is achievable and that provides relief from the presumption where reasonably necessary or appropriate. See generally Rule 21(a)(3), Ala. R.App. P. In this regard, the "goodness" of the cause asserted for an otherwise late filing can be considered in the context of the extent to which the opposing party will be prejudiced by the delay. Ultimately, we should not lose sight of the fact that "Rule 1, Ala. R.App. P., requires that the rules `shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits.'" Troutman Sanders, 866 So.2d at 551 (Lyons, J., dissenting). The latter considerations surely apply in a case such as this where a trial court's ruling on the merits could have avoided another trip to this Court and held the potential for a speedier and less expensive determination of this case than will result from requiring the parties to prepare for and participate in trial.[7]
COBB, C.J., concurs.
[3] Justice Lyons advanced this position in his dissent from the order staying the proceedings in the trial court.
[4] The main opinion in Ex parte Cranman,792 So.2d 392, 400-01 (Ala. 2000), suggests that State-agent immunity for State officers and employees sued in their individual capacity finds constitutional support primarily in § 43, Ala. Const. 1901, which expressly limits the power of the judicial branch, whereas the immunity of the State, State agencies, and State officers and employees sued in their official capacities, finds direct support from another provision of the constitution, § 14, Ala. Const. 1901, which prohibits the naming of the "State" as a defendant in a court of law. I am not persuaded that the former provision does not implicate the subject-matter jurisdiction of our courts as much as or more than the latter. In any event, for the reasons discussed in the text, I believe this is a question for another day.
[5] Although I would have considered the summary-judgment motion on its merits when filed, the decision whether to do so is not one for me and the other members of this Court. The only decision for this Court is whether, under the circumstances of this particular case, the trial judge so exceeded his discretion in taking a different approach that the law requires us to reverse his decision. I cannot say that he did.
[6] Because Sawyer had no such motion pending at the time, the question arose whether the trial court in fact intended in its March 20, 2006, order to deny Stevens's March 13, 2006, motion to dismiss. It may be noted that the trial court subsequently denied a motion by Stevens to clarify that its March 20, 2006, order was intended to refer to Stevens's motion.
Assuming, however, that the trial court intended in its March 20, 2006, order to refer to Stevens's March 13, 2006, motion to dismiss, a question remains as to whether the trial court denied that motion on its merits or only because the court considered the motion to have come too late. The motion was accompanied by evidentiary submissions that would have required the trial court to treat it as a motion for a summary judgment, see
Rule 12(b), Ala. R. Civ. P., and the trial court clearly indicated in its orders of May 19 and June 8, 2006, see
discussion, infra, that it was unwilling to consider summary-judgment motions filed past the February 7 deadline prescribed in its scheduling order.
[7] In preparing for trial of this case, Stevens undoubtedly would feel compelled to conduct discovery as to, and be prepared to address, the merits of the claims against her, and not just her statute-of-limitations defense, because she has no assurance that that defense will result in a dismissal of the claims against her early in the trial proceedings.